EASTERN DIST.
*February*, 1838.

HUNTSTOCK
*vs.*
HIS CREDITORS.

</div>

---

## HUNTSTOCK *vs.* HIS CREDITORS.

APPEAL FROM THE COURT OF THE THIRD JUDICIAL DISTRICT, FOR THE PARISH OF WEST FELICIANA, THE JUDGE OF THE EIGHTH PRESIDING.

Where certain creditors are placed on a partial tableau, filed by the syndic, with privilege and mortgage by a final judgment, *unreversed*, their claim and rank will not be disturbed on an appeal from the homologation of an amended tableau, giving them the same rank. The first judgment which fixed it, is *res judicata.*

This is an appeal from a judgment placing Messrs. Reynolds, Byrne & Co. as privileged and mortgaged creditors of the insolvent, on an amended tableau of distribution, filed by the syndic.

The case was formerly before this court, and the appeal from a judgment placing this firm as a mortgage creditor, on the first tableau of distribution filed by the syndic, was dismissed for irregularity of service of the process of appeal. 10 *Louisiana Reports*, 488.

On the return of the case, an amended tableau was filed, and Reynolds, Byrne & Co. again placed thereon as chirography creditors. They made opposition and the district judge again gave them their rank with a privilege and

Eastern Dist.
February, 1838.

HUNTSTOCK
vs.
HIS CREDITORS.

mortgage. From judgment thus amending the tableau, the syndic appealed.

*Lobdell*, for the appellant, strenuously urged, that the mortgage and judgment of the court, gave Reynolds, Byrne & Co. an unjust preference over other creditors, the mortgage having been executed when they well knew the insolvent was in failing circumstances. It is, therefore, fraudulent and collusive. *Louisiana Code*, article 19, 1842-3, 1963, 4 *and* 5, 1973 *to* 1989, 2323-4-5 *and* 3150. 4 *Louisiana Reports*, 256. 6 *Ibid.*, 82.

2. The judgment is illegal and voidable by the creditors, because it was entered into to give these creditors a preference, and because the mortgage was not registered until after the rendition of the judgment.

*Boyle* and *Johnson*, for the appellees, contended, that any opposition to the mortgage and judgment complained of, could only have been made in a direct action of nullity to set them aside ; and such an action is prescribed by the lapse of one year. *Louisiana Code*, 1965 *and* 1982.

2. There was, however, no ground on which to annul this mortgage. It was executed in good faith, free from any fraud or collusion whatever, and duly enregistered in the mortgage office. The judgment must therefore stand.

3. The present case is *res judicata*, because the first judgment stands unreversed. It fixed the rank of these creditors, and is now and so was before the present judgment was rendered, irrevocable.

*Carleton, J.*, delivered the opinion of the court.

This is the second time this cause comes before this court.

On the first appeal, it appeared that the syndic of the creditors of Huntstock, filed in the District Court, a tableau of distribution, and placed Reynolds, Byrne & Co. thereon, as chirographery creditors, to which they filed their opposition, and claimed to be recognized as mortgage creditors, and paid as such. The district judge rendered a judgment in their

favor, and Thomas Smith & Co., other creditors of the insolvent, appealed.

Owing to some irregularity in the service of citation, the appeal was dismissed.

An amended tableau was thereafter filed by the syndic, in which Reynolds, Byrne & Co. were again placed as chirographery creditors. They appeared, opposed its homologation as before, plead the former judgment as *res judicata,* and the judge again ordered them to be paid as mortgage creditors. From this last judgment the syndic, by appeal, brings the cause again before this court.

We think the judge decided correctly. By the dismissal of the appeal, the first judgment became final from the lapse of time. It now forms the only rule of distribution and payment among the creditors, upon all matters therein determined, and cannot be reviewed by any subsequent decree.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.

EASTERN DIST.
*February,* 1838.

Where certain creditors are placed on a partial tableau, filed by the syndic, with privilege and mortgage by a final judgment, *unreversed,* their claim and rank will not be disturbed, ` on an appeal from the homologation of an amended tableau, giving them the same rank. The first judgment which fixed it, is *res judicata.*