## ORY *vs.* HIS CREDITORS.

12L 121
50 748

APPEAL FROM THE COURT OF THE SECOND JUDICIAL DISTRICT FOR THE PARISH OF ST. JAMES, THE JUDGE OF THE FOURTH PRESIDING.

Where a tableau of distribution is filed by the syndics, fixing the rank and right of the creditors and is homologated, it becomes *res judicata*, and no subsequent alterations or other claims can be allowed in a second tableau filed by the syndics.

In this case the syndics of the creditors of the ceding debtor, filed two or three accounts and tableaus of distribution. The first was filed the 14th April 1834, with an amendment, in October, 1834. These tableaus were homologated and confirmed by judgments of both the inferior and Supreme Courts. On the 21st of October, 1835, the syndics filed another tableau of distribution, which gave rise to the present controversy.

Bergeron and others made opposition on various grounds, and particularly to several items of the account which were not presented and placed on the tableaus which had been homologated, on the ground that the judgment homologating the first tableau, was *res judicata*, and settled the rights and rank of the creditors. The opposition was sustained in part, some of the objectionable items stricken out, and the tableau amended accordingly. The syndics appealed.

*Deblieux*, for the syndics and appellants, insisted that the rejected items were correct and should be allowed.

*J. Seghers, contra*, contended that so far as the judgment went to strike out the items opposed, it was correct, because

they were precluded by the former judgment homologating the accounts and fixing the rank and rights of all the creditors. These items were not mentioned in the former accounts.

2. The appellees have prayed to have the judgment appealed from, corrected, by rejecting various items put down in the account for allowances of interest by the syndics on their own debts, and for commissions. These are illegal and should be striken off. 3 *Louisiana Reports*, 532, *et seq.*

*Martin, J.*, delivered the opinion of the court.

Bergeron and other creditors of the insolvent filed several oppositions to a tableau of distribution, prepared by the syndics. Some of these objections were sustained, and the rest rejected. The syndics appealed, and the opposing creditors and appellees have prayed that the judgment may be so amended, as to sustain the rejected oppositions.

It appears to us, that the District Court did not err. A judgment of that court, homologating a former tableau of distribution was affirmed by this. 8 *Louisiana Reports*, 529.

Where a tableau of distribution is filed by the syndics, fixing the rank and rights of the creditors, and is homologated, it becomes *res judicata*, and no subsequent alterations or other claims can be allowed in a second tableau filed by the syndics.
The opposition sustained, related to an allowance of interest on certain notes of the insolvent, due to the syndics, and to certain disbursements of one of them, and his commission on certain endorsements.

The District Court correctly concluded these items were not authorized, no mention thereof whatever being made in the account homologated, which forms *res judicata*, as to the rights of the several creditors, on the proceeds of all the property surrendered.

The rejected oppositions related to charges of interest at the rate of ten per cent. instead of five. The objection was overruled, it appearing from the account filed, the tableau homologated, and an act of mortgage produced, that interest had been stipulated at ten per cent.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed with costs.