LANG ET AL. *vs.* THEIR CREDITORS.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT, JUDGE
BUCHANAN PRESIDING.

The judgment of homologation of a tableau of distribution, so far as it settles the rank and privilege of creditors is final, and must have the authority of the thing adjudged.

A creditor placed on the first tableau without a privilege, cannot, on the filing of a second, claim a privilege, because the funds on which he seeks to enforce his privilege, have been carried to the account of the mass of the ordinary creditors, at the head of the second tableau.

The opponent, Carnes, claims to be a privileged creditor on the proceeds of furniture sold at the sale of the insolvent's property.

When the first tableau was presented by the syndic, and duly advertised, Carnes presented his opposition, claiming to be a privileged, instead of an ordinary creditor. But the ten days after publication having elapsed, and judgment of homologation pronounced, although not signed, the opposition was rejected. His rank was settled on the tableau as an ordinary creditor by a final judgment of this court.

On the filing of the second tableau, Carnes again presented his opposition, and prayed to be recognized as a privileged creditor, on the proceeds of the sale of certain furniture, which he alleges is still on hand and not distributed, and has been carried to the account of the mass of the ordinary creditors, at the head of the second tableau. The opposition was rejected, and the opponent, Carnes, appealed.

*Greiner*, for the appellant.

*Haynes*, contra.

*Morphy, J.*, delivered the opinion of the court.

W. R. Carnes, a creditor of the insolvents, is appellant from a judgment of the District Court, dismissing his oppo-

EASTERN DIST. sition to a final tableau of distribution.   He complains, that
January, 1840. he is therein set down as an ordinary creditor, while he is

LANG ET AL.
*vs.*
THEIR CREDIT-
ORS.

entitled, as he alleges, to the vendor's privilege on five hundred and forty-four dollars, that sum being the proceeds of some furniture by him sold to the insolvents, and found in their possession at the time of their failure.   We think that the court below did not err.   It appears, that in a first or provisional tableau, this sum figures among the assets of the estate, as resulting from a separate sale of furniture, made at the instance of the appellant, but that the syndic, refusing to recognize the privilege he now contends for, did not place it among the privileged claims.   The latter amounted to one thousand eight hundred and eighty-four dollars and forty-one cents, leaving; for the ordinary creditors, a balance of one thousand four hundred and seventy dollars and thirty-two cents.   Carnes opposed the homologation of the tableau, claiming to be privileged, on the proceeds of the furniture, but his opposition, being too late, was overruled by the district judge, whose decree was affirmed by this tribunal, on an appeal brought up by the present appellant.

*The judgment of homologation of a tableau of distribution, so far as it settles the rank and privilege of creditors, is final, and must have the authority of the thing adjudged.*

It has been repeatedly held, in this court, that a judgment of homologation, so far as it settles the rank and privilege of the creditors, is final, and must have the authority of the thing adjudged.   *Louisiana Insurance Company vs. Campbell,* 6 *Martin, N. S.,* 133.   *Mayfield vs. Comeaux,* 7 *Martin, N. S.,* 183.   *Ory vs. His Creditors,* 12 *Louisiana Reports,* 122. But the appellant insists that he is yet in time to urge his privilege, because no distribution has been made of the amount on which he claims it : that the evidence shows the balance of one thousand four hundred and seventy dollars and thirty-two cents of the former tableau to be yet in the

*A creditor, placed on the first tableau without a privilege, cannot, on the filing of a second, claim a privilege, because the funds on which he seeks to enforce*

hands of the syndic : and finally, that said tableau was irregular and defective, inasmuch as the said balance is carried to the credit of the mass of the ordinary creditors, without their names or claims being set forth, as required by law.   We do not perceive how the fact of no distribution having been made of the funds declared to belong to the mass of the ordinary creditors, or the irregularity pointed

out in the former tableau, can, in any way, help the appel- Eastern Dist.
lant in establishing the privilege he now seeks to obtain. *January,* 1840.
His opposition to the first tableau was for the sole purpose of
obtaining, among the privileged creditors, a rank which had
been denied him. The final judgment, dismissing his oppo-
sition, forms an insuperable bar to his renewing any claim
for a privilege on the balance at the foot of said tableau,
irregular and defective as it may be in other respects. Even
if the present appellant had succeeded in raising in our minds
some doubts as to the correctness of the former judgment,
we could not touch it. *Res judicata pro veritate accipitur.*

HUBBELL
*vs.*
READ.
his privilege
have been car-
ried to the ac-
count of the mass
of the ordinary
creditors, at the
foot of the second
tableau.

As to the new assets, the distribution of which the court
below is now called upon to regulate, they do not include
any portion of the proceeds of the separate sale of the goods
alleged to have been sold by Carnes to the insolvents; the
appellant has, consequently, shown in them no privilege or
cause of preference whatever.

It is, therefore, ordered, adjudged and decreed, that the
judgment of the District Court be affirmed, with costs.