CHARLES GARDINER and others *v.* WALTER BRASHEAR.

9r 61
52 1543

A judgment homologating a tableau of distribution of the effects of an insolvent, is final, and has the force of *res judicata* so far as it settles the rank and privileges of the creditors; and where the tableau is complete, and states distinctly the amounts of the debts, not leaving them to be inferred from the dividend, it will be final, and have the same force as to their amounts. *Aliter,* where the tableau is but provisional, presented in the course of the settlement of a solvent estate, the object of which was not to show the amount of the debts, but how the funds on hand were to be distributed.

The defendant appealed from a judgment of the District Court of St. Mary, *Boyce,* J.

*Splane,* for the plaintiffs.

*W. C. Dwight,* for the appellant. The homologation of the *tableaux* filed by the curator, was *res judicata* as to the plaintiffs. See 4 La. 173. 11 La. 569. 12 La. 121. 14 La. 241. 19 La. 84.

MORPHY, J. This suit is brought on two bonds signed by the defendant as the security of Robert B. Brashear, curator of the va-

Gardiner and others v. Brashear.

cant estate of W. S. Barr. The petitioners claim $1418 02, being the amount of two promissory notes bearing ten per cent interest per annum, and of an open account for goods and merchandize sold and delivered to the deceased. They allege that the said Robert B. Brashear, as curator, collected large sums of money due to the estate of Barr, and converted them to his own use and benefit, or otherwise dissipated said funds, to the injury and prejudice of the creditors ; that, in consequence of the maladministration of said curator, the defendant has become legally liable to pay all the debts of the estate as the same was solvent, and a sufficient amount of monies came into the hands of said curator to discharge all the debts of the deceased. The defendant says that the succession of W. S. Barr is insolvent ; That the curator has not maladministered, and has paid more money than he has received, and that, if liable at all, he, defendant, is not liable for the amount claimed, &c. He further avers, that the plaintiffs' claim has been settled by two *tableaux* of distribution, duly homologated, and that they have no action except for the balance that may be unpaid under said judgments ; that the balance due them is $374 78 ; and that for this amount the curator never received the funds of the succession, but that they have gone into the hands of another curator ; &c.

There was a judgment below allowing certain credits to the defendant, and decreeing him to pay the balance of the plaintiffs' claim.

The evidence satisfies us that the estate of W. S. Barr was solvent at the time of his death, and it has not been shown to have become insolvent without any fault on the part of the curator. In relation to the legal liability of the defendant on his bonds, we deem it only necessary to refer to the decisions we have made in several cases in which he was sued by other creditors of the estate of Barr on the same bonds. 11 La. 330. 16 La. 73. 19 La. 384. 3 Rob. 65. The credits given by the inferior judge appear to have been correctly allowed ; but on examination into the several *tableaux*, filed by the curator, of the funds collected by him each year, we find that there is a dividend of $475 22 declared in favor of the plaintiffs, for which the defendant should not be held responsible. The first bond signed

by the defendant as surety of Robert R. Brashear, bears date the 2d of April, 1832. On the 24th of May, 1833, the curator filed in the Probate Court a list of debts due by the succession, with the amount of funds on hand for distribution among the creditors. The curator was continued in office for another year, but the bond which he then furnished is not signed by the defendant, but by one Robert R. Barr, and bears date the 1st July, 1833. During the year for which this last bond was given, and on the 22d May, 1834, the curator presented a second *pro rata* tableau of distribution of the funds collected by him, and then on hand. It is on this tableau that the plaintiffs figure for a dividend of $475 22. It was homologated on the 16th of June, 1834. The curator being continued in office for another year, gave a new bond, on which the defendant again became his surety, on the 30th of June, 1834. It is clear that the defendant is not responsible for the funds collected by the curator during the year that he was not his surety, and that, for the sum of $475 22, coming to the plaintiffs out of those funds, they must look to Robert R. Barr, the surety of the curator for that year.

It is contended by the defendant, that the plaintiffs cannot sue on the evidences of debt which they set forth in the petition, because, on two *tableaux* of distribution which have been homologated, their claim is set down for a smaller amount than that they now sue for; that those judgments of homologation are binding on them; and that they can recover against him only under such judgments, in which their original claims are merged. In cases of insolvency we have often held, that a judgment homologating a tableau of distribution, so far as it settles the rank and privileges of the creditor, is final, and must have the authority of the thing adjudged.   14 La. 242.   6 Mart. N. S. 133. 7 Ib. N. S. 183.   12 La. 122.   Such a judgment would also, we apprehend, be final as to the amount of the debts mentioned in a complete tableau of distribution; but such debts should, at least, be distinctly set forth, and their amount must not be left to be inferred from the dividends declared on them. In one of the *tableaux* filed, the plaintiffs figure for a dividend of $200, and in another for one of $475 22 ; but in neither is their debt distinctly stated. The object of these partial *tableaux* of distribution,

presented in the course of the settlement of a solvent estate, is not to show the amount of the debts due it, but to show how the funds then on hand are to be distributed, and to obtain an order of the judge to make the payments in accordance with them. Civil Code, arts. 1168, 1169. The notes and accounts sued on are, moreover, shown to have been admitted as correct by the curator of the estate, pursuant to the Code of Practice, art. 985.

It is, therefore, ordered and adjudged, that the judgment of the District Court be so amended as to allow to the defendant a further credit of $475 22, as of the 16th of June, 1834, and that the said judgment be affirmed in all other respects ; the costs of this appeal to be borne by the plaintiffs and appellees.