## PHILIPPE ALLINET *v.* HIS CREDITORS.

A judgment dismissing a claim against an insolvent estate for want of proof, and which is a judgment of *nonsuit* only, will not support the plea of *res judicata*.

Where the claim of a creditor making opposition to a tableau of distribution has been dismissed by such a judgment, he may, when another tableau is filed, prove his claim, and demand to be paid out of the funds to be then distributed, such an amount as will place him on a par with the other ordinary creditors who had partaken in the former distribution.

APPEAL from the Fifth District Court of New Orleans, *Eggleston*, J. *L. Castera*, for plaintiff and appellant. *Race & Foster*, for defendant.

VOORHIES, J. This case comes up on a naked question of law.

The opponent, who is a creditor of the insolvent estate of *Philippe Allinet*, had his claim dismissed for want of proof, on the first tableau of distribution of the funds then in the hands of the syndic. Some time afterwards, the syndic filed another tableau, to distribute *pro rata* among the creditors other funds ready for distribution. The opponent made his appearance, averring that he had been left out on a former distribution; and that, out of the present funds, he should be so classed as to be placed on a par with the other ordinary creditors, who had partaken in the former distribution.

The plea of *res judicata* has been interposed; but it is evident, that it has no application in this instance, 1st, because the judgment rendered against him on the former occasion is not one of rejection, but of nonsuit; and 2dly, because the appellant does not seek to disturb the former distribution of funds, but asks relief out of other funds which are now being distributed.

It may be conceded, however, that the judgment of homologation, dismissing the opponent's claim for want of proof was *res judicata* with regard to the funds which it distributed. This would not affect the result; for the appellant does not impugn that judgment. His application has reference only to the funds now in the hands of the syndic, and subject to a new and independent distribution.

It does not follow, because the judgment homologating the first tableau of distribution is *res judicata* with regard to the funds then under distribution, that it is *res judicata* as to all other funds which may subsequently come into the hands of the syndic. The creditor who has received a dividend on the former distribution cannot be called upon to litigate his rights anew in this respect; but this is no reason why he should oppose the demand of another creditor, who has not had that advantage, to be placed on a par with him out of other assets of the estate. In the case of *Gottschalk* v. *His Creditors*, 12 An. 70, the court said : "A tableau of distribution duly homologated constitutes, *with some qualifications*, a judgment conclusive upon the creditors, *so far as it affects the fund distributed ;* but the rights of creditors upon any part of the assets not distributed are not affected by such judgment ; and the syndic is bound to administer any surplus in his hands for their benefit."

The opponent's demand is equitable. He does not claim any undue advantage over co-creditors; but on the contrary, applies for an equal dividend. If the debtor's property is the common pledge of his creditors, and if the distribution of the assets of an insolvent estate between the ordinary creditors should, if possible, be made strictly *pro rata*, relief was properly extended to the appellees, under the circumstances of this case. This course was adopted, in a similar case, by our

predecessors. The court on that occasion remarked : "It is conceded that the appellant is estopped as to the moneys in the syndic's hands, distributed by the first tableau ; but we cannot consider him as barred by the former decree as to those new moneys now proposed to be distributed." *West* v. *His Creditors*, 3 An. 530,

Relief is extended to the creditor in this case, not on the assumption that he has a privilege, but on the ground that he is an ordinary creditor, contending with ordinary creditors, for the purpose of effecting an equal distribution between all the parties out of the assets of the common debtor.

It is, therefore, ordered and decreed, that the judgment of the District Court be affirmed, with costs.

MERRICK, C. J., dissenting. The opponent and chirographic creditor, *Louitz*, being a citizen of another State, disregarded the surrender of *Philippe Allinet*, and obtained a judgment upon his demand against the insolvent in the Circuit Court of the United States. The syndic of *Allinet's* creditors having in the meantime filed his first tableau of distribution, *Louitz* returned into the State court, and made opposition to the same. His opposition was dismissed, without any reservation, for want of proof, and the fund was by decree of court distributed among the creditors, giving each chirographic creditor sixteen per cent. of his demand. This decree became final. A second tableau of distribution has been filed, placing *Louitz* thereon as a chirographic creditor for his *pro rata* of such further funds as have come into the hands of the syndic since the filing of the former tableau. He opposes the second tableau, on the ground that he is not placed on an equal footing with the other chirographic creditors. He demands that sixteen per cent. of his claim be first paid him, and then that the residue of the funds be distributed *pro rata* among all the chirographic creditors. The syndic appeals from a judgment sustaining *Louitz's* pretensions.

Now, if we analize the opposition of *Louitz*, we shall find that it resolves itself into this; viz :

The decision of the court, which gave the whole of the fund in the hands of the syndic at the time of the filing of the first tableau, to the creditors therein named, was unjust; therefore, I am entitled to take by preference out of the fund to be distributed under the second tableau, a sum which will repair this injustice and make me equal to the other creditors, before any portion of the residue be distributed.

For if it be conceded, that the fund under the first tableau was properly distributed to persons entitled thereto, *Louitz* admits that he was not entitled to any part thereof, and as a consequence, that he is not entitled to any money from any other source to make him equal to persons who had received only what was their due and to which he had no right.

The judgment rendered, homologating the first tableau of distribution and dismissing *Louitz's* opposition thereto, produced the same legal effect as such admission would have done.

The creditors cited and represented are parties to the insolvent proceedings, and are at once plaintiffs and defendants. Acts 1855, sec. 9 ; C. C. 3054 ; *Conrey* v. *His Creditors*, 8 An. 372, and *Guérin* v. *His Creditors*, 3 La. 559. Hence, after publication of the filing of any tableau of distribution, they are in court, and are bound by the decree to which they are parties and which merely distributes the proceeds of property which the law " has fully vested in the creditors." Acts 1855, p. 432, secs. 11, 35. In this case, *Louitz* was not only repre-

sented in the *concurso* on the first tableau, by the attorney appointed for that
purpose, but he made special opposition to the same. His opposition was dis-
missed, as already observed, without any reservation, and the fund was adjudged
by a competent tribunal to belong to others. In other words, it was adjudged
that *Louitz* had no right, legal or equitable, to any part thereof. This judgment
was not appealed from by him; hence, it acquired the force of the thing ad-
judged. *Lang* v. *His Creditors*, 14 La. 241.

If it acquired the force of the thing adjudged, what was therein determined
must be considered just, equitable and true, and can never after be questioned in
any judicial proceeding between the parties. Hence this, and all other courts
are bound always to say that *Louitz* had no legal or equitable right to the fund,
because he was once heard on this question, and it was so decided by a compe-
tent tribunal. Then, as he had no right to that fund, which in the eye of the
law belonged to others, he can claim nothing on account of it. This argument is
reduced to this : in a former proceeding, the court gave *A.*, *B.* and *C.* what be-
longed to them, and did not belong to me—therefore, I am entitled by a prefer-
ence to sixteen per cent. on the fund now to be distributed, because *A.*, *B.* and *C.*
had a just claim to that much more than I on the former tableau ; which is absurd.

*Louitz* being without any privilege or mortgage, and having no claim on ac-
count of the former judgment, which was decided against him, and which he is not
now permitted to question, finds himself where he has always been, a simple chi-
rographic creditor, entitled to his *pro rata* only of any fund to be distributed.

This court said in the case of *Lang* v. *His Creditors*, 14 La. 242 : " It has been
repeatedly held in this court, that a judgment of homologation, so far as it settles
the rank and privilege of the creditors, is final, and must have the authority of
the thing adjudged. *La. Ins. Co.* v. *Campbell*, 6 N. S. 133 ; *Mayfield* v. *Comaux*,
7 N. S. 183 ; *Ory* v. *His Creditors*, 12 La. 122. But the appellant insists that
he is yet in time to urge his privilege, because no distribution has been made of
the amount on which he claims it ; that the evidence shows the balance of one
thousand four hundred and seventy dollars and thirty-two cents of the former ta-
bleau to be yet in the hands of the syndic ; and finally, that said tableau was
irregular and defective, inasmuch as the said balance is carried to the credit of
the mass of the ordinary creditors, without their names or claims being set forth,
as required by law. We do not perceive how the fact of no distribution having
been made of the funds declared to belong to the mass of the ordinary creditors,
or the irregularity pointed out in the former tableau, can, in any way, help the
appellant in establishing the privilege he now seeks to obtain. His opposition
to the first tableau was for the sole purpose of obtaining among the privileged
creditors a rank which had been denied him. *The final judgment dismissing his
opposition forms an insuperable bar to his renewing any claim for a privilege on
the balance at the foot of said tableau, irregular and defective as it may be in other
respects.* Even if the present appellant had succeeded in raising in our minds
some doubts as to the correctness of the former judgment, *we could not touch it.
Res judicata pro veritate accepitur.*"

So in the case before us, the final judgment dismissing *Louitz's* opposition is
in law an insuperable bar to his renewing his claim for the sixteen per cent.
which was refused him on the former tableau.

In the case of *Gottschalk* v. *His Creditors*, 12 An. 71, we said that " a tableau
of distribution duly homologated constitutes, with some qualifications, a judgment
conclusive upon the creditors, so far as it affects the fund distributed."

In *Ory* v. *His Creditors*, Judge Martin held, that where a tableau of distribution is filed by the syndic's fixing *the rank and rights of the creditors*, and is homologated, it becomes *res judicata*, and no subsequent alterations or other claims can be allowed in a second tableau filed by the syndics.   12 La. 122.

But it is supposed that the judgment of the lower court is sustained by the case of *West* v. *His Creditors*, 3 An. 530, which is thought to be analogous.

The plea of *res judicata* was pleaded in that case, as in the present, but the effect of the plea was denied, because the opponent to the second tableau was not a party to the first one.   Mr. Justice Rost said (in the original opinion) : " The plea of *res judicata* cannot be sustained.   The demand in this and the former case is *not between the same parties in the same capacity*.   In the first case, the opposing creditor claimed *in his own* right ; he now claims in right *of his father*, whose legal representative he is.   The exception of the thing adjudged is *stricti juris*, and if there could be any doubt as to the identity of the things claimed, or the persons claiming them, it cannot be maintained.   5 Toullier, No. 492 ; *Cloutier* v. *Lecomte*, 3 Martin, 481.   *In these cases, there is no doubt that the party claiming is not the same*."

On the re-hearing, Mr. Justice Slidell, as the organ of the court, said : " It is conceded, that the appellant *is estopped* as to the moneys distributed by the *first tableau*."   But they allowed him to set up his claim upon the second tableau, because his second opposition was formed in his representative capacity, and the judgment upon the first tableau was restricted *to the funds in the hands of the syndic*.   See p. 532, 3 An.

There, as the opponent in *West's* case held a privilege claim, the court very properly said : " The assets left by an insolvent are the common pledge of his creditors.   The pledge continues as long as there are assets to be divided."

The creditor being allowed to set up his *privilege* claim upon the second tableau, was paid in virtue of his *privilege*, and not because an unjust judgment had been rendered in the first instance.   The court expressly recognize the authority of the case of *Lang* v. *His Creditors*, and distinguish the case on the grounds already mentioned.   *Exceptio probat regulam*.

But as we have already shown that *Louitz* has neither privilege or mortgage, he cannot be paid by preference, and was properly classed as an ordinary creditor.

I think, therefore, that the judgment of the lower court, should be reversed, and the tableau homologated as filed.

BUCHANAN, J., concurs in this opinion.