Searcy & Co. vs. Creditors.

## No. 10,930.

### SEARCY & CO. VS. THEIR CREDITORS.

Judgments homologating as far as not opposed the accounts of an administrator or syndic, fix the rank of creditors and order of distribution stated in the account and such judgments can not be disturbed by subsequent judgments except so far as concerns opponent, if his opposition is sustained. 14 La. 242; 7 N. S. 182; 1 Hen. Digest, 759, No. 29, *et seq.*

The lessor's claim for rent and certain privileged debts rank the debt of the vendor of movables, and when the funds brought on the account it is manifest, leave nothing for such vendor after satisfying the privileged debts preferred to him—the judgment directing him to be put on the account will be reversed.

APPEAL from the Civil District Court for the Parish of Orleans. King, J.

*Wm. Armstrong* Attorney for Synidic and *Zacharie & Armstrong* Appellants:

The landlord's lien extends only to the contents of leased premises, and as to such contents, primes the vendor's privilege.

Both are outranked by law charges, as to the particular effects upon which they apply.

Law charges include all costs and expenses that are necessary for the distribution of the effects of an insolvent estate, and enure to the benefit of creditors in general. Among these are notary's fees, fees of attorneys in advising the insolvent and preparing schedules, etc., for surrender, fees of attorneys to the provisional syndic and syndic.

Notaries, attorneys to insolvents in preparing schedules for surrender, attorneys to provisional syndic and syndic, have a first lien and privilege on the effects of an insolvent estate concurrent with other court costs and expenses of administration.

Debts of a succession or those of the estate of a ceding debtor are of a higher dignity and are to be paid before those of the deceased or insolvent. 10 L. 438.

Where the record demonstrates as a fact that a vendor's privilege upon a movable is absorbed by admitted superior privileges thereon, such as the cost of preservation, court costs and landlord's lien, the vendor is without legal interest to question the relative rank of the landlord's privilege and another admitted legal privilege upon other effects of an insolvent estate not subject to the vendor's privilege.

litigants are not allowed to champion vicariously the rights of others where no benefit results therefrom to themselves.

Judgments approving and homologating a final account of a syndic (except as opposed), are final and conclusive and constitute *res adjudicata* as to all creditors who have not filed any oppositions to the account within the delays prescribed by law, or who have subsequently acquiesced therein.

*Guy M. Hornor* Attorney for Opponent and Appellee:

The vendor is entitled to be paid out of the proceeds of the thing sold before other privilege creditors, with the exception of the charges of affixing seal, for mak-

ing inventories, and others necessary to procure the sale of the thing. Monrose vs. His Creditors, 2 Rob. 280; Lauve vs. His Creditors, 2 Rob. 527; C. C. 3267.

The commissions of syndic upon the property sold take precedence of the vendor's privilege as an expense of administration resulting to the benefit of the vendor, but not so the fees of the counsel for insolvent, nor the counsel for syndic, nor the attorney of absent creditors. ¡Marsh vs. His Creditors, 11 An. 469.

The vendor of an immovable, in the settlement of the succession of the vendee, is entitled to be paid in preference to every other claim except those charges which have been necessary to procure the sale of the thing. Of these charges attorney's fees form no part. Succession of Markey, 22 An. 265.

The homologation of a tableau wherein not opposed is absolute, and no creditor who has not made opposition can do so, even on the ground of oppositions . filed by others before the homologation. Ventriss vs. His Creditors, 20 An. 359

---

The opinion of the court was delivered by

MILLER, J. This is an appeal by the syndic and his attorneys from the judgment of the lower court maintaining an opposition of a creditor to the syndic's account. The funds in his hands were mainly derived from the sale of the effects in premises leased by the insolvents, and the rent for the unexpired term of the lease is unpaid. Among these effects were certain movables, bought by the insolvent, sold separately at the instance of the unpaid vendor, realizing more than enough to pay him, and on the proceeds he asserts the vendor's privilege. Besides the funds arising from the sale of all these effects in the leased premises subject to the special privileges of the lessor and vendor, there are funds for distribution derived from other sources.

There were two accounts filed. The first exhibited privileged debts incident to the syndic's administration and others; the aggregate of all these privileged debts were deducted from the mass of the funds and the residue awarded to the lessors. It is obvious the account was not framed in accordance with the provisions of the law directing the distribution of funds when there are general and special privileged debts to be paid from funds, a portion of which are subject to no special privilege, and another, in this case the larger portion, is charged with the privileges of the lessor and vendor. Civil Code, Arts. 3191, 3252, 3254, 3256, 3263. The account was homologated as far as not opposed, the only opposition coming from the unpaid vendor of the movables sold separately. The opposition asserting the right of payment over all, save the charges of sale, from

the proceeds of the movables, was sustained and the syndic directed to recast his account. The syndic then filed another account, in which he pursued the same method of distribution of paying the mass of all privileged debts from the mass of all the funds. This account was homologated as far as not opposed; like the first met with no opposition except from the unpaid vendor asserting his privilege for the unpaid price, on the proceeds of the movables he had sold, paramount over all save charges of sale. On the last account the total funds were stated $3390. The privileged debts, attorneys and notaries' fees, auctioneer's commissions, syndic's commissions, clerk hire and others figured on the account amounting to $1813.11. All deducted from the mass of all the funds left $1576.97, and this residue was awarded to the lessor, his unpaid rent amounting to $2700.00, for which he was put on the account. The lessor was left unpaid for a large portion of his rent, and there was nothing for the unpaid vendor. On the opposition the court decreed that privileged debts —i. e., charges for attorneys and notaries' fees, were inferior to the privilege of the unpaid vendor, and that he should be placed on the account with preferences over these fees amounting to $590; the court further decreed that the lessor as well as the vendor had preference over these fees, and reduced $100 on the account as reserved for costs to $20. From this judgment on the opposition this appeal is taken by the syndic and his attorneys, whose fees are subordinated by the judgment to the special privileges. The contention of the attorneys is, that by the judgments homologating the accounts as far as not opposed, their fees were to be paid by preference over the lessor; that these judgments constituted *res judicata* against the lessor, who made no opposition. The contention of the syndic is, that he can pay only to the extent of the funds in his hands, and that the uncontested privileged debts and the lessor's unpaid rent more than absorb all the funds, hence the judgment is erroneous in ordering the opponent to be put on the account.

The judgments homologating these accounts as far as not opposed determined as against all, save the opponent, that all these privileged debts were to be paid before the lessor. Whatever may be said of the method of distribution adopted by the syndic these judgments must have effect. Burrell vs. Read, 14 La. 242; Mayfield vs. Comeaux, 7 N. S. 182; 1 Hennen's Digest, p. 759, Nos. 2, 9, *et seq*. The lessor whose privilege is superior to that of the opponent

(Civil Code, Art. 3262) is certainly bound by these judgments, according preference to all privileged debts. This preference fixed by the judgments homologating the account, could not be disturbed by the judgment of the lower court subsequently rendered on the opposition only of the unpaid vendor. On that opposition the privileged debts to the extent of $590, are excluded from competition with opponent. But with that exclusion there remains on the account privileged debts ranking as first in order of payment amounting to $1223. These debts as to amount, save the reserve of $100, were not called in question by the opposition. The judgment unappealed from by the opponent leaves them in full force. The lessor's claim figures on the account at $2740, not opposed and maintained by the judgment. Thus, there stands between opponent and the relief he seeks over $3900 of superior privileges recognized by final judgment. The privileged debts to the extent of $1223 are beyond the domain of contention by the absence of opposition, and the judgment acquiesced in, and the priority of the lessor over the opponent is fixed, not only by the judgment but by the law (C. C., Art. 3258). The judgment of the lower court responding to the demand of the opponent asserts the preference given to him, when there are funds that can be so applied, consistently with debts of the higher rank. The difficulty in opponent's case is that in the plenitude of his privilege, still there is no room for him on the account.

It is therefore ordered, adjudged and decreed that the judgment of the lower court be avoided, annulled and reversed at the costs of the appellees.