O’NIELL, C. J.
 

 This is an appeal from a judgment dismissing the oppositions of the appellants to an account rendered by the receiver of the National Box Company, Inc. The appellants are three of the creditors of the corporation, or of the receiver.
 

 Soon after the receiver was appointed, he presented a petition to the court, asking for authority to conduct the business of the corporation as a going concern, and was granted the authority; but, after conducting the business for a year and five months, he filed a petition for permission to discontinue the business and sell the property of the corporation, which was all movable property, consisting of machinery and lumber. The prayer of the petition was for authority to discontinue the business of the corporation as a going concern, and for an order directing an auctioneer, named in the petition, to sell, at public auction, after due advertisement, according to law, in lots, to be prepared by the auctioneer according to the kind and character of the property, all of the property of the corporation, of every kind and character on the inventory, except the accounts receivable. The order was granted, authorizing the receiver to discontinue the business of the corporation as a going concern, and to wind up and liquidate its. affairs, and directing the auctioneer named in the petition to sell all of the assets of the corporation described in the inventory, except the accounts receivable, at public auction, for cash, to the highest bidder, after the legal delays and advertisements, all as prayed for and according to law. According to the inventory made a few days after the receiver was appointed, the property of the corporation, which consisted entirely of movable property, was valued at $57,142.47. According to an inventory made sixteen months later, the property of the corporation was valued at $9,442.13. The order of court, directing the auctioneer to sell the property, referred specifically to the latter inventory, which was made less than two months before the sale of the property. A month after the sale was made, the receiver filed his account, styling it a provisional account, in which he disclosed that the total proceeds of the sale of the property amounted to $2,009.70, and that the auctioneer had deducted $229.80 -for the cost of advertisement, his commission, the tax on the auction sale, and labor, thus leaving a net balance of $2,-
 
 *706
 
 439.90, which the receiver proposed to distribute. It appears that each and every item on the inventory was sold for less than two-thirds of its appraised value, except an item appraised at $457, which was sold for $305, being only 33 cents more than two-thirds of its appraised value. Included in the inventory of $9,442.13 were bills receivable $2,481.5S, cash $155.55, and the lease of the premises occupied by the factory, $200; hence the appraisement of the property which 1he receiver sold amounted to $6,605. Two-thirds of that sum being $4,403.33, the property was sold for $1,733.63, less than two-thirds of its appraised value.
 

 The complaint of the appellants is that the receiver had no right to allow the property to be sold for less than two-thirds of its appraised value, and therefore that he should be charged with the deficit of $1,733.-63 on the account which he has rendered.
 

 The receiver has moved to dismiss the appeal, on the ground that the account which was approved by the judgment appealed from is only a provisional account. He contends that the creditors have no right to appeal from a judgment approving a provisional account of the receiver of a corporation, especially when, as in this case, the judgment approving the account reserves to the creditors who opposed it the right to oppose any future provisional or final account that may be rendered by the receiver. Although the account is styled a “provisional account” by the receiver and in the judgment approving it, it. is in fact a final account in so far as the judgment approving it would have fixed definitely and settled forever the liability of the receiver for the proceeds of the sale of the movable property of the corporation, if the judgment had not been appealed from. The reservation, in the judgment, of the right of the opponents of the, account, “to oppose any future provisional account or final account that may be filed by the receiver,” would not give these opponents the right to reopen the issue raised in their opposition to this account and determined by the judgment approving it. There may be cases where the issue raised by an opponent of a provisional account of a receiver is not subject to appeal; but the issue tendered in this case is not of that character. In so far as a judgment approving a provisional account of a receiver determines specifically the rights of the creditors, or of any one of them, it becomes res judicata, and the issue so determined cannot be reopened by way of opposition to a subsequent account rendered by the receiver. Louisiana Insurance Co. v. Campbell, 6 Mart. (N. S.) 131; Huntstock v. His Creditors, 11 La. 569; Ory v. His Creditors, 12 La. 121; Lang et al. v. Their Creditors, 14 La. 241; Gardiner v. Brashear, 9 Rob. 61; Allinet v. His Creditors, 15 La. Ann. 132; Succession of Conrad, 45 La. Ann. 89, 11 So. 935; Succession of Allen, 49 La. Ann. 1111, 22 So. 319; Succession of Rabasse, 50 La. Ann. 746, 23 So. 910; Miguez v. Delcambre, 109 La. 1094, 34 So. 99. The motion to dismiss the appeal is overruled.
 

 The receiver pleads that the purchasers of the movable property of the corporation should have been made parties defendant, on the theory that this is an action to annul the sales. It is not an action to annul the sales, but merely a demand that the receiver account for the proceeds of the sales, according to the inventory referred to in the order of sale. Tt was not necessary to make the purchasers of the property parties to the suit, and it was impossible to make them parties, because
 
 *708
 
 no record was kept of the names of the parties to whom the several articles were sold.
 

 The receiver pleads also, on the theory that this is an action to annul the sales, that the demand of the appellants was not admissible in a summary proceeding, such as an opposition to a receiver’s account. The answer to the plea is that this is not an action of nullity of the sales, but a demand for an accounting of the proceeds according to the inventory referred to in the order of sale. The complaint is that the receiver has not accounted for two-thirds of the appraised value of the property sold, which complaint is admissible by way of an opposition to the provisional account in which the receiver undertakes to account for the proceeds of the sales.
 

 The receiver pleads also that the appellants cannot consistently claim the proceeds of the sales, while contesting their validity. There 'is no inconsistency in the pleadings of the appellants in that respect. They averred that the sales were invalid because they were made for less than two-thirds of the appraised value of the property sold, but the demand of the appellants is not to recover the property sold but to have an accounting for at least two-thirds of the appraised value. The demand was that the receiver should account for the full value of the property, according to the first inventory, on which each article was appraised higher than on the later inventory. A demand for the appraised value of property, according to an inventory, is, essentially, a demand for at least two-thirds of the appraised value, and is not bad pleading in that respect.
 

 On the merits of the complaint, the receiver relies upon the ruling in Killeen v. Boland, Gschwind Co., on rehearing, 157 La. 566, 102 So. 672. The appellants contend that the decision rendered in that case is not applicable here, and is not in conflict with the decision rendered in the case entitled In re Browne & Jenkins Co., 106 La. 486, 490, 31 So. 67, 69, where Chief Justice Nicholls, for the court, speaking of the liability of the liquidator of a partnership or corporation, said:
 

 “That liability, it seems to me, must be measured as follows: The first inventory placed only a nominal value upon the stock; its real value, as shown by the second inventory, was $3,855.86. It was error on the liquidator’s part to allow this stock to be sold at auction under order of court for less than two-thirds of its appraisement. The sale, ordered in due course of liquidation of an insolvent concern, was judicial, and subject to all the formalities prescribed by law for that character of sales. Vide Act 159 of 1898, which assimilates receivers and liquidators to syndics; also, Rev. St. 688; Code Prac. art. 680; Mayfield v. Comeau, 7 Mart. (N. S.) 180; Rivas v. Hunstock, 2 Rob. 187, 201; Civ. Code, art. 2184. If the liquidator thought the appraisement too high, he should have asked for a re-appraisement; for if the bids at the síñe^did not reach two-thirds of the appraisement, it was his duty to cause the property to be readvertised and" resold. Having allowed the stock to be sold for less than the amount prescribed by law, he is responsible for that amount, or, say, two-thirds of $3,855.86 — $2,570.57—instead of $301.45, as appearing on the account,”
 

 In the Killeen Case, where the auctioneer had sold the property of the corporation for less than two-thirds of its appraised value, it was held that the receivers were not personally responsible for the difference between the price received and two-thirds of the appraised value of the property, because the
 
 *710
 
 receivers, in good faith and before delivering the property which the auctioneer had sold, reported the sale and price to the court, and prayed for, and obtained, an order confirming the sale and authorizing the receivers to deliver the property to the purchasers. It was because of that fact alone that the court held that the mistake which was made was not a mistake of the receivers, but a mistake of the judge, for which, of course, the receivers could not be held responsible. It was with reference to that order, confirming the sale, and not with reference to the original order authorizing the sale, that the court said: .
 

 “When a receiver acts, therefore, under an order of court, he is necessarily protected by such order against any personal liability, in the event that said order may be vacated in subsequent proceedings, unless it is alleged and proven that such order has been obtained upon false representations made by the receiver, or in fraud of the creditors of the corporation.”
 

 If the receiver, in this case, in good faith and before delivering the property to the purchasers, had disclosed to the judge the fact that the auctioneer had sold the property for less than two-thirds of its appraised value, and if the receiver had obtained an order of court confirming the sale and authorizing him to deliver the property to the purchasers, the case would come under the rule stated in the Killeen Case; or, if the order for the sale of the property had, through inadvertence, authorized the receiver or the auctioneer to sell the property for less than two-thirds of its appraised value, the receiver, if in good faith, might be protected against personal liability by the order of the judge. But the order of the judge in this case merely authorized the sale to be.made “according to law,” which could not ha-ve meant for less than two-thirds of the appraised value of the property.
 

 In the Receivership of Bonita Mercantile Co., 129 La. 1046,
 
 57
 
 So. 332, as in the Killeen Case, the reason why the receiver was held not responsible personally for a sale of the property for less than two-thirds of its appraised value was that the sale was confirmed by an order of court, after due notice to the creditor, who, without having opposed the confirmation, afterwards sought to hold the receiver liable personally for having sold the property for less than two-thirds of its appraised value. That fact appears from the following excerpts from the report of the case, -the first quotation being taken from page 1051 and the second from page 1053 of 129 La. (57 So. 334), viz.:
 

 “The position of the receiver, Jordan, in answer to Hardie & Co., opponents, is that, the opponents not having in any way opposed the sale, this sale having been confirmed by the court’s decree after legal notice, this opponent (the 'Hardie firm) is without right to attack this sale in an opposition to a receiver’s account.”
 

 “After the sale, again proper entry was made of the fact in the clerk’s office. The receiver applied to the court for its approval of the sale; no one opposed the application, although- all were notified.”
 

 Our conclusion is that the receiver must account for $4,403.33, two-thirds of the appraised value of the property, instead of $2,669.70, the price at which the property was sold; the difference, which the receiver is liable for, being $1,733.63.
 

 One of the appellants, who was the lessor of the premises occupied by the corporation and afterwards by the receiver, claims that his lien is superior to all of the
 
 *712
 
 law charges, except the actual cost of selling the property. The receiver pleads that the lessor acquiesced in the receiver’s administering of the estate and incurring of the law charges, and is therefore estopped to contest the payment of the law charges in preference to the lessor’s claim. Whether the lessor is or is not
 
 estopped,
 
 in the technical sense of the term, need not be decided, because the lessor did not contest the payment of the law charges in preference to his claim, in his opposition to the receiver’s account, in the district court. Appellate courts do not decide or consider issues which were not raised in the court of original jurisdiction.
 

 The appellants contended that the receiver was guilty of maladministration, and therefore should not be allowed a fee for his services. That complaint, also, was not made in the district court; besides which, there is no evidence of maladministration on the part of the receiver. The bald fact that his administration of the property and affairs of the corporation was not successful would not justify depriving him of the reasonable compensation which the district court has allowed for his services.
 

 The receiver is ordered to amend his account by charging himself personally the additional sum of «$1,733.63, and, as thus amended, the judgment appealed from is affirmed; and the case is _ ordered remanded to the civil district court for. further proceedings consistent with the foregoing opinion. The costs incurred in the civil district court are ■to be paid out of the funds in the hands of the receiver, and the costs of this appeal by the receiver individually.
 

 ROGERS, J., dissents, being of the- opinion that the judgment appealed from should be affirmed.