(107 So. 704)

No. 27579.

## TYLER v. HARMON.

(March 5, 1926. Rehearing Denied March 29, 1926.)

*(Syllabus by Editorial Staff.)*

**Constitutional law** 215, 274.

Ordinance of New Orleans, providing for segregation of residences of white and colored persons, *held* not violative of Const. U. S. Amend. 14.

Appeal from Civil District Court, Parish of Orleans; Hugh C. Cage, Judge.

Suit by Joseph W. Tyler against Benjamin Harmon. Judgment for plaintiff, and defendant appeals. Affirmed.

Loys Charbonnet and F. F. Teissier, both of New Orleans, for appellant.

W. W. Wright, of New Orleans, for appellee.

ST. PAUL, J. This case has been here on appeal once before as No. 26948 of our docket. See Tyler v. Harmon, 104 So. 200, 158 La. 439.

### I.

On that appeal we had before us a judgment of the district court discharging a rule nisi (to show cause why plaintiff should not be granted a temporary injunction as prayed for), and *dismissing* plaintiff's suit on the ground that defendant's exception or plea of "no right or cause of action" was well founded as to the ground therein *thirdly* set up, to wit, that Ordinance No. 8037, C. C. S., adopted by the city of New Orleans on September 18, 1924, violates the Fourteenth Amendment to the Constitution of the United States.

### II.

The issue presented by that appeal is thus stated in the opinion which we therein handed down, to wit:

"The question in this case is whether an ordinance of the city of New Orleans, providing for segregation of the residences of white and colored persons, violates the Fourteenth Amendment of the Constitution of the United States. * * *

"The learned counsel for the defendant frankly state that they desire not to evade the issue as to whether the statutes [authorizing the ordinance] and the ordinance are valid in so far as they forbid negro tenants to occupy the defendant's cottage [in a *white* neighborhood]."

### III.

And upon the issue thus stated our *ruling* was as follows:

Our conclusion is that the statutes and the ordinance in that respect are valid. (Italics by the present writer.)

And accordingly the judgment appealed from was *reversed* and the case remanded.

### IV.

Thereupon the district judge granted plaintiff a preliminary injunction, restraining the defendant from renting said premises to negro tenants as homes, residences or places of abode; it being *admitted* that said premises are in a *white* neighborhood, and that defendant intended, in violation of the ordinance, to rent the same to negro tenants as homes, residences, and places of abode.

And in due course there was judgment below *overruling* defendant's attack on the statutes and the ordinance on the ground that they violate the Fourteenth Amendment to the Constitution of the United States, and *perpetuating* the injunction issued as aforesaid. From which judgment defendant now appeals.

### V.

We *adhere* to our former ruling herein, and to the reasons therefor assigned, as reported in 104 So. 200, 158 La. 439.

### Decree.

The judgment appealed from is therefore *affirmed.*