OVERTON, J.
 

 This is a suit for a writ of mandamus to force the building inspector of the city of Shreveport and the city council to issue to plaintiff a building permit for the erection of a station for the sale of gasoline, oils, greases, and the like. The petition shows (concerning the truth of which there is no dispute) that the land on which it is proposed to erect the building has been used for business purposes for some years, and is now being so used, greenhouses being at present located thereon; that there are other business buildings within less than a block of plaintiff’s property; and that plaintiff has presented to the building inspector the plans and specifications for the erection of the building, but that the council and the building inspector refuse to issue the permit.
 

 Defendants filed an answer in which they averred that the permit could not be granted, because to grant it would be to violate Ordinances Nos. 7 of 1922, 235 of 1923, and 119 of 1924, which are zoning ordinances, and
 
 *567
 
 prohibit the construction of business buildings in tbe Section of the city in which plaintiffs desire to erect the filling station. Thereafter, at different times, defendants filed amended answers setting up as reasons for not issuing the permit, the provisions of Ordinance 168 of 1924, amending Ordinance 110 of 1924, and the provisions of Ordinances 100 and 115 of 1925, which, it is also averred, prohibit the erection of business buildings in said section.
 

 Plaintiff attacks the constitutionality of each of these ordinances. Ordinance No. 7 of 1922 and Ordinance No. 235 of 1923 were declared invalid by this court in State ex rel. Dickason v. Harris, Building Inspector, 158 La. 974, 105 So. 33, and Ordinance No. 110 of 1924 was held to be unconstitutional in State ex rel. Dickson v. Harrison, Building Inspector, 161 La. 218, 108 So. 421. Since Ordinance 168 of 1924 is an attempt to amend a section of Ordinance 110 of 1924, which was declared unconstitutional, the amendatory ordinance, which, it may be said, is not enforceable alone, is itself null. 28 Cyc. 382; McQuillin on Municipal Corporations, p. 316, § 196. There remains, therefore, to be considered only Ordinances 100 and 115 of 1925. The former, though its number would not so indicate, is the last expression of the council on the subject of zoning, since it was adopted after Ordinance 115, though introduced before the latter was. The ordinance, that is, Ordinance 100 of 1925, is a comprehensive one. It divides the city, or virtually all of it, into six zoning districts, terming. each district a “use district,” as, for instance, “residence use district,” and “industrial use district.” Ordinance 115, which includes within its scope the land on which plaintiff desires to build, and which was passed as an emergency ordinance, if not superseded by Ordinance 100, does not affect the latter, hence it will be unnecessary to consider it further, unless Ordinance 100 be found to be unconstitutional.
 

 Section 2 of Ordinance 100 prohibits the erection, alteration, or use of any building or premises for any purpose other than a purpose permitted in the district in which the building is located. Section 4 of the ordinance creates “B residence use district,” which embraces the land upon which plaintiff desires to construct the filling station, and when read in connection with sections 2 and 3 of the ordinance, prohibits the erection or alteration of a building for mercantile purposes, including a station for the sale of gasoline, greases, and oils, and makes the district a residential one, subject to such exceptions as the construction and operation of hotels, greenhouses, and the conducting of nurseries, and to the further exceptions appearing in the next paragraph.
 

 The further exceptions, referred to above, are created by section 9 of the ordinance, and are as follows;
 

 “This ordinance shall not apply to- existing structures nor to the existing use of any building, but shall apply to any alteration of a 'building to provide for its use for a purpose, or in any manner different from the use to which it was put before alteration. * * *
 

 “The city council may authorize in a resident district, for a period of not more than two years from the date of such a permit (referring to a permit for the construction of a building) a temporary building for commerce or industry incidental to the residential development; provided, however, that such permit shall not be renewed.
 

 “A structure or premises may be erected or used in any location by a public service corporation or for the public utility purposes which the city council deems reasonably necessary for the public convenience and welfare.
 

 “The city council may grant a permit for the enlargement of existing buildings or erection on the same lot or plot of ground of additional buildings for trade, business or industry located in a' district unrestricted against its use, where such enlargement or expansion of such trade, business or. industry will not be detrimental to or tend to alter the character of the neighborhood. *
 
 *
 
 * ”
 

 
 *569
 
 The ordinance in question, that is, Ordinance 100 of 1925, was adopted under section 29 of article 14 of the Constitution of 1921, which reads as follows:
 

 “All municipalities are authorized to zone their territory'; to create residential, commercial and industrial districts, and to prohibit the establishment of places of business in residential districts.”
 

 Such a provision, whether statutory or constitutional, conveys to municipalities authority to zone their respective territories, and the exercise, in a proper manner, of the power conveyed does not deprive one of property without due process of law in violation of either the Constitution of this state (article 1, § 2) or of the United States (Fourteenth Amendment, § 1). State ex rel. Civello v. City of New Orleans, 154 La. 271, 97 So. 440, 33 A. L. R. 260; State ex rel. Giangrosso v. City of New Orleans, 159 La. 1016, 106 So. 549; State ex rel. Palma v. City of New Orleans, 161 La. 1103, 109 So. 916; State ex rel. Roberts v. City of New Orleans, 162 La. 202, 110 So. 201; Village of Euclid v. Ambler Realty Co., 272 U. S. 365, 47 S. Ct. 114, 71 L. Ed. 303. However, plaintiff does not question, in this case, the foregoing state\ment, but attacks the ordinance upon other grounds.
 

 One of the grounds upon which the ordinance is attacked is that it is unlawfully discriminatory, being in violation of both the state and federal Constitutions, because while it prohibits the construction, alteration, or use of any building in any of the respective zones, except for the purposes sanctioned by the ordinance in such zones, yet the ordinance excepts from its operation existing structures and the existing use of any building in any zone, though it próhibits the alteration of a building therein to be used for a purpose (business purpose) different from the use to which it was put before alteration, thereby permitting those who were conducting a business at ány point in any residential zone, at the time of the adoption of the ordinance, to continue conducting their business at> that point in the zone, while at the same time prohibiting others who were not engaged in such business therein, at the time of the adoption of the ordinance, but who desire to erect, alter, or use a building in the zone, for the purpose of engaging in such business, from so doing.
 

 In our opinion this attack upon the constitutionality of thq ordinance is not well founded. The exception in favor of existing buildings and the existing use of them is not unjustly discriminatory. To except these buildings and the continued use of them from the ban of the ordinance is reasonable. The council had a right, in adopting the ordinance, to place such buildings and their use in a class by themselves, and except them, including the use to which they were then being put, from the prohibition of the ordinance. The council had the right to do this in order to avoid making the ordinance unnecessarily harsh and burdensome. The council, in so doing, was denying to no one the equal protection of the laws, for the ordinance, based upon a classification, which is not arbitrary, but which appears to be sound and just, applies alike to all similarly situated.
 

 The exact point presented here does not appear to have been directly passed upon in this jurisdiction with respect to zoning, but it has been passed upon in other jurisdictions in that connection.
 

 Thus, in Spector v. Building Inspector of Milton, 250 Mass. 63, 145 N. E. 265, it was said by the Supreme Judicial Court of Massachusetts, in connection with a. zoning ordinance, that;
 

 “There is nothing about the Zoning by-law which denies to the petitioner the equal protection of the laws. The .provision exempting from its prohibition of business .or commercial uses existing buildings in 'district 'A^' and per
 
 *571
 
 mitting additions, alterations or enlargements,
 
 upon
 
 cause shown, are unobjectionable. A classification of this nature does not deny the equal protection of the laws. It is based upon sound distinctions. To exempt buildings already devoted to a use from a prohibition of such use of other buildings or buildings thereafter erected in a specified area is not unequal but lawful.”
 

 And in City of Aurora v. Burns, 319 Ill. 84, 149 N. E. 784, it was held by the Supreme Court of Illinois, in a case where the constitutionality of a zoning ordinance was attacked on the ground that it exempted from its operation stores in existence, it was held, to quote from the syllabus, that:
 

 “To exempt buildings, already devoted to a particular use, from prohibition of such use of buildings thereafter erected is not an unlawful discrimination invalidating the zoning ordinance.”
 

 There is nothing in State ex rel. Civello v. City of New Orleans, supra, that justifies a different conclusion. Because it was there held that a zoning ordinance which prohibits everyone from conducting a business establishment in a zoning district is constitutional, it does not follow that, if the ordinance had excepted from its operation business establishments already in existence therein, the court would have held the ordinance unconstitutional. We have examined the remaining authorities cited by plaintiff, including Town of Mandeville v. Band, 111 La. 806, 35 So. 915, the case, specifically mentioned, being one passing upon the validity of an ordinance relating to the opening or location of saloons. These cases, we think, may be differentiated from the present one. The reasons for the classifications, or exceptions, in the ordinances there considered are not so strong as they appear to be in the present case.
 

 It is also urged that the ordinance is unconstitutional, as being unjustly discrim- . inatory, because not only does it except existing buildings and the use to which they were being put at the time of the adoption of the ordinance from the prohibition thereof, but it also authorizes the granting of permits for the enlargement of such buildings or for the erection on the same lot or plot of ground of additional buildings for business or industrial purposes in a district restricted against such uses, where the enlargement or expansion of such businesses or industries will not be detrimental to or tend to alter the character of the neighborhood. Obviously, the purpose of this provision is to provide to a limited extent, where this may be permitted without injury to the neighborhood, for the expansion of a business or industry in existence at the time of the adoption of the ordinance, so as to render the ordinance less harsh in its operation with respect to businesses or industries already established in the zone. The provision is not unconstitutional. Its constitutionality rests on the same basis as does the exception, just considered, in favor of businesses and buildings in existence at the time of the adoption of the ordinance. This was the view expressed in Spector v. Building Inspector of Milton, supra, where, in passing upon a similar provision in a zoning ordinance, it was said by the Supreme Judicial Court of Massachusetts that “to permit alterations, enlargement or replacement of such buildings [those in existence at the time of the adoption of the ordinance] stands on the same footing as the initial classification”; that is to say the classification of those buildings in existence and devoted to business or commercial purposes, at the time of the adoption of the ordinance and those not then in existence or not so devoted. Our conclusion is that this ground of attack is not well founded.
 

 Another contention of plaintiff is that the ordinance is unlawfully discriminatory and reserves to the council the arbitrary power to grant or withhold permits under conditions which are to be determined by it solely
 
 *573
 
 at its whim. This contention is based, in part, upon a provision in the ordinance which provides that the council may authorize- the construction of a temporary building in a residence district, to be used for commerce or industry, incidental to residential development, for a period not exceeding two years from the date of the permit, the permit for such use of the building not to be renewed; and, in part, upon a provision in the ordinance which authorizes the erection or use of a structure in any location by a public service corporation or for public utility purposes which the council deems reasonably necessary for the public convenience and welfare.
 

 It may be doubted that plaintiff has the right to attack the validity of these provisions, or the validity of the ordinance on account of them, since she does not come within their purview, and since in all probability they may be stricken from the ordinance and still leave a valid and enforceable ordinance. But, be that as it may, we think that these provisions are reasonable and valid. The ordinance, as we have said, is a comprehensive one, and zones the entire city, or practically all of it. In passing such an ordinance it is almost necessary to make some such provisions. The provisions are not discriminatory. They affect all, or at least all similarly situated, alike. The granting or withholding of the permits is not left to the whim or fancy of any one, but the permits are to be granted or withheld according to reasonable and uniform rule. The temporary permits, for business purposes, are to be granted for a period not exceeding two years, and it is clear that they are not to be granted, except when found necessary or advisable for the residential development of the zone or neighborhood. The permit to a public service corporation or to a public utility to erect or use a structure in any location, which necessarily includes a location in a residential zone, is to be granted in such zone, only when to locate it there is found necessary to the public convenience- and welfare. These exceptions to the general provisions of the ordinance are reasonable and are not objectionable from a constitutional standpoint. Nor is the right to grant permits for the construction of additions to existing business buildings, when the additions are to be constructed on the same lot or plot as the existing building, and when to grant the permit will not alter the character of the neighborhood, which plaintiff seems to include in this ground of attack, amenable to this objection. This case, it may be observed, is unlie State ex rel. Dickson v. Harrison, 161 La. 218, 108 So. 421, and State v. Carter, 159 La. 121, 105 So. 247, where the legislative authority sought to vest in others or to reserve arbitrary discretion to grant or withhold permits.
 

 Plaintiff also urges that each of the foregoing exceptions to the general provisions of the ordinance, considered above, bears no relation to the exercise of the police power by the city, and, hence, that the classifications made by these exceptions are invalid, this invalidity rendering the ordinance, as a whole, invalid. Thus, to illustrate, plaintiff contends that the exception in favor of granting temporary permits for the erection of temporary buildings, for business purposes, in any of the zones, bears no relation to the police power, and hence is void, its nullity affecting the entire ordinance.
 

 Without considering which of the exceptions, if any, bears no relation to the police power, it may be said that, if the ordinance contains exceptions which bear no such relation, it does not follow that such exceptions are null. It is true, as said by the Supreme Court of the United States in Euclid v. Ambler Realty Co., supra, that a zoning ordinance must find its justification in some as. pect of the police power, asserted for the public welfare, yet it does not follow from this that every exception to the general provi
 
 *575
 
 sions of the ordinance must bear such a' relation. An exception, which, of itself, bears no such relation, may be inserted to fender the ordinance less harsh and more practical in its operation. It is sufficient if the ordinance as a whole bears a rational relation to the police power. We fail to find that plaintiff’s contention, in this respect, is well founded.
 

 Lastly, plaintiff urges that, even though the ordinance be decreed tó be constitutional, she, nevertheless, is entitled to the permit for which she prays. This contention is based upon the fact that' plaintiff made her applica-. tion for the permit before the ordinance, considered above, was introduced or adopted, and upon the further fact that the zoning ordinance^ of the city of Shreveport, in existence at the time the application was made and the present suit was filed, have since been declared invalid. In other words, plaintiff contends that her right to the permit should be determined by the conditions existing at the time the permit was applied for and the suit filed, without reference to an ordinance introduced and adopted thereafter, though pleaded as a reason why the permit should not be ordered to issue.
 

 The ordinance, now before us, is sufficiently broad in its terms to prohibit the issuance of the permit here prayed'for. The question is whether the council had a right to prohibit the issuance of permits previously applied for, though not granted, such as the permit in this case. We think that the council 'had such right. Every one holds his property subject to the police power. Because a person applies for a permit at a time when it might be lawfully granted does not give him a vested right to the permit. An ordinance may be validly passed after the making of .such application which would prohibit the issuance of the permit. Thus, in Spector v. Building Inspector of Milton, supra (250 Mass. 63, 145 N. E. 265), it was said;
 

 ' - “The fact that tne 'petitioner filed -Ms' application for a permit before the zoning by-law was enacted is no reason why it should not be held applicable to Mm from and after it became operative. The petitioner held his property subject at all times to every valid exercise of the police power. The filing of his application gave him no vested rights. [Citing] Salem v. Maynes, 123 Mass. 372; Cherry v. Isbister, 201 App. Div. 856, 193 N. Y. S. 57, affirmed in 234 N. Y. 607, 138 N. E. 465; Des Moines v. Manhattan Oil Co., 193 Iowa, 1096, 1102, 184 N. W. 823, 188 N. W. 921 [23 A. L. R. 1322]; Ware v. Wichita, 113 Kan. 153, 214 P. 99.”
 

 The case of State ex rel. Civello v. City of New Orleans, supra (154 La. 271, 97 So. 440, 33 A. L. R. 260), if anything, lends support to the foregoing view. The ruling in City of Shreveport v. Dickason, 160 La. 563, 107 So. 427, is not cohtrary to that view. In that case it appears that in a prior case between the same parties (158 La. 974, 105 So. 33) this court ordered the permit to issue; that about the time the decision was rendered, the city passed other ordinances which it relied upon to prevent by injunction the erection of the building for which a permit had been ordered to issue, and which had issued under the judgment of this court. One of the ordinances involved in the suit provided that nothing in it should be construed as canceling any permit granted prior to its passage. Under these circumstances it was properly held that the city could not prevent the erection of the building. However, the ease is unlike the present one. Here no permit has ever issued, nor has any been ordered to issue, nor is there any part of any ordinance, involved here, preserving permits which had issued. Hence the Dickason Case presented different facts from those here presented, and is not pertinent here. Nor is the case of State ex rel. Sansone v. City of New Orleans (No. 26619) 163 La. 860, 113 So. 126, applicable here. The facts of that ease clearly differentiate it from the present one.
 

 The trial court rendered judgment, rejecting plaintiff’s demand, -The judgment is eorrect.
 

 The judgment is therefore affirmed.