(134 So. 907)

Succession of PRICE.

No. 28136.

On Motion to Dismiss Appeal Nov. 2, 1926.

On the Merits April 27, 1931.

Charles J. Mundy, of New Orleans, for appellants.

J. A. O. Coignet, of Thibodaux, for appellee testamentary executor.

Johnston Armstrong, of New Orleans, for appellees heirs of Rev. H. O. Smith.

On Motion to Dismiss the Appeal.

O'NIELL, C. J.

This is an appeal from a judgment dismissing an opposition to the probate of a will and rejecting a demand to annul the will. The appellee, who is named in the will as testamentary executor, has moved to dismiss the appeal, on the ground, first, that there is no allegation nor proof that the value of the estate exceeds $2,000; and, second, that the appellants asked for and obtained an order for a suspensive appeal only, and the law does not allow a suspensive appeal from a judgment appointing or confirming an administrator or executor, or from a judgment which, in effect, allows an executor to take charge of and administer the estate.

The inventory and appraisement of the estate amounts to $6,301.48, consisting of $3,400 worth of real estate and $2,901.48 of personal property. The appellee has filed a motion to have the inventory and appraisement eliminated from the transcript of appeal because the inventory and appraisement were not filed before the appeal was taken. The inventory and appraisement were ordered to be made when the appellee, as executor, petitioned the court to admit the will to probate, but the inventory and appraisement were not filed until the day after the appeal bond was filed. The fact that the inventory and appraisement were not filed before the appeal was taken is no reason why we should not be allowed to refer to the document to see that the value of the estate is sufficient to give us jurisdiction, that is to say, above $2,000. According to the second paragraph of section 10 of article 7 of the Constitution 1921, this court has original jurisdiction over questions of fact to determine whether the court has appellate jurisdiction in any case

before it. Therefore, if the inventory and appraisement were not in the record, we would be warranted in directing that a copy of the document be sent here to determine whether this court or the Court of Appeal has jurisdiction in the case. The appraisement shows that this court has jurisdiction.

■ There is no merit in the second ground for the motion to dismiss the appeal. The fact that the appeal may not prevent an administration of the estate while the appeal is pending is no reason why the appeal should be dismissed. It is valid as a devolutive appeal.

The motion to dismiss the appeal is overruled.

On the Merits.

LAND, J.

Antoinette Mayfield, widow of Henry Price, departed this life at her domicile in the town of Thibodaux, parish of Lafourche, on the 13th day of May, 1926.

Decedent died without ascendants or descendants, and left a nuncupative will by private act. After making special legacies to Rev. H. C. Smith, Sidney R. Coulon, and Jeannette Dickerson, widow of Matt. Dickerson, Jr., the testatrix disposed of the balance of her estate in favor of certain nieces.

A number of nieces, grandnieces, and grandnephews, of decedent, who had been omitted from the will, opposed the probate of same on the following grounds, viz.:

First. That for the past several years decedent had been suffering from senile dementia, and was totally incapable of making a last will and testament.

Second. That the special legatee, H. C. Smith, a colored Baptist minister, had unduly used his influence to prejudice the testatrix against her own family and to ingratiate him-

self in her affections for the purpose of securing her property for himself.

Third. That the said Smith, a few days before the death of Antoinette Mayfield, took her to his home, where he induced her to make the will which is the subject of the present attack.

Fourth. That the said Smith and Coulon, a white man and justice of the peace, conspired together to induce decedent to make her last will and testament, in which Smith and Coulon are named as legatees.

The opposition to the probate of the will was dismissed in the lower court, and the will was probated. From this judgment opponents have appealed.

1. The will was offered for probate on the petition of Sidney R. Coulon, named as testamentary executor. Proponent produced as witnesses the district attorney, who wrote the will, Sidney R. Coulon, justice of the peace, Max Dupre, constable and deputy sheriff, E. O. Bage, constable, Alfred Lesseigne, courthouse janitor, and J. C. Coulon, nephew of Sidney R. Coulon.

These witnesses are reputable citizens of the town of Thibodaux, and their evidence shows conclusively that the testatrix at the date of the making of the will, May 4, 1925, was of sound and disposing mind, and that the will had been prepared in accordance with her expressed wishes.

In addition to these witnesses, the cashier and assistant cashier of the Bank of Lafourche testified that the testatrix always transacted her business in an intelligent way, and that she was a remarkable old woman mentally and physically.

Jeannette Dickerson, one of the main witnesses for opponents, as to the alleged unsound mental condition of the testatrix, is re-

butted fully by the testimony of Miss Biggs, a stenographer, who heard this witness state in the office of Mr. Coignet, district attorney, that the mind of the testatrix, a few days before her death, was clearer than that of the witness.

Elijah Neville hauled wood and coal for the testatrix for seven years before her death, and, in frequent conversations with her, found her in a normal mental condition.

The testimony of these disinterested witnesses is of greater weight by far than that of the opponents, who are directly interested in setting aside the last will of the testatrix.

The trial judge so found, and we fail to see any good reason for dissent from his finding, especially as the testatrix is shown to have had sufficient testamentary capacity at the date of the making of the will.

2. An attempt was made to show that undue influence had been used by Rev. H. C. Smith to induce the testatrix to make the legacy in his favor, but the judge correctly ruled out the testimony offered on this point, since under article 1492 of the Civil Code proof is not admitted of the dispositions having been made "through hatred, anger, suggestion or captation."

3. In this court, for the first time, counsel for opponents attacks the legacy in favor of the Rev. H. C. Smith as being prohibited by article 1489 of the Civil Code of this state. This article declares that: "Doctors of physic or surgeons, who have professionally attended a person during the sickness of which he dies, can not receive any benefit from donations inter vivos or mortis causa made in their favor by the sick person during that sickness."

It is stated under the same article that: "The same rules are observed with regard to ministers of religious worship."

Although we will not consider in this court issues not raised in the court below, we will say en passant that opponent must show that the will was made during the last illness. Succession of Bidwell, 52 La. Ann. 744, 27 So. 281.

In the case at bar, the last will and testament was made May 4, 1925, and the testatrix did not die until May 13, 1926. Article 1489 of the Civil Code is not applicable therefore to the legacy made by the testatrix in favor of Rev. H. C. Smith.

Judgment affirmed.