23 So.2d 177

STATE ex rel. FITZMAURICE v. CLAY, City Clerk, et al.

No. 36439.

June 29, 1945.

445

Lawrence B. Sandoz, City Atty., and John W. Lewis, both of Opelousas, for defendants and appellants.

Francis R. Edwards, of Baton Rouge, and W. C. Perrault, of Opelousas, for relator-appellee.

HAWTHORNE, Justice.

This is a mandamus proceeding in which the relator-appellee, John Fitzmaurice, sues the municipal authorities of the City of Opelousas to compel them to issue to him a building permit for the erection of a gasoline filling station on property owned by him at the corner of East Landry and Walnut streets in that city.

446

In his petition relator alleges that he is the sole owner of certain property situated in the City of Opelousas, and that he has applied to the clerk and the mayor and Board of Aldermen of said city for the issuance of a permit for the construction and operation of a gasoline filling station to be erected and operated upon said property, which property is situated in an unrestricted commercial area, where there are numerous gasoline filling stations and commercial establishments; that said property upon which the proposed filling station is to be constructed constitutes no part of, and does not lie within, any validly zoned area of the city, and that the said clerk and the mayor and Board of Aldermen of said city have illegally, unjustifiably, and unreasonably refused to issue the permit, despite repeated requests so to do, basing their refusal on a certain resolution in the minutes of the regular meeting of the mayor and Board of Aldermen held on September 10, 1940, in which the city clerk was authorized and directed to refuse the granting of a building permit for commercial buildings in the area in which relator's property is situated, pending final action on a petition of property owners owning real estate within said area; that the action of the mayor and Board of Aldermen constitutes a vain attempt to create a restricted building zone within the city limits of Opelousas, and that the resolution is null and void and of no effect because same was not enacted according to the provisions of Act No. 240 of 1926; that he has no adequate remedy at law, and that a mandamus is necessary to protect his rights in the premises.

Upon this petition's being filed, an alternative writ of mandamus issued, and in due time respondents, the city officials, excepted to relator's petition on the grounds "(a) That said petition does not disclose a cause of action; (b) That said petition does not disclose a right of action in the plaintiff therein." Evidence was taken on the exception of no right of action, and thereafter the trial judge overruled the exceptions of no cause and no right of action.

Respondents then answered, admitting the filing of the building application by relator, and admitting that there is no ordinance restricting the area in which the property described is situated, but averring that legal machinery has been set in operation to restrict such area and to constitute it a residential district. They aver that relator has no vested right to the permit, and their defense is that all the proceedings taken by the Board of Aldermen in this matter were in conformity with Act No. 240 of 1926, the zoning statute, and pursuant to the police power vested in the Board, and that the issuance of the building permit requested by relator was not refused but that action thereon by the city authorities was simply deferred pending a final report by the Zoning Commission on a petition, previously filed by certain owners of property in the same area as relator's property, to have said area made a restricted residential district.

They prayed that the alternative writ of mandamus issued herein be recalled, annulled, and set aside, and that the demands of relator be rejected.

The case was then tried on the merits, and on October 8, 1941, the district court rendered judgment making the alternative writ of mandamus peremptory, and ordering and commanding the respondents to issue the permit to relator. From this judgment respondents have appealed suspensively to this court.

The record discloses the following facts: On September 10, 1940, the Board of Aldermen of the City of Opelousas, having been advised of the desire and wish of the home-owners and residents in the neighborhood of the property owned by relator, described in his petition, to create a restricted residential zone of that district, passed a motion, incorporated in the minutes, authorizing and directing the city clerk to refuse the granting of permits for commercial buildings within said area, pending final action on this contemplated petition, which petition was filed with the city on the following day, September 11, 1940.

On October 8, 1940, the Board of Aldermen of the City of Opelousas unanimously adopted a motion authorizing the appointment of a committee to be designated as a Zoning Commission, which motion sets out that it is made in compliance with the provisions of Act 240 of the Legislature of Louisiana for the year 1926. About one year after the filing of the petition by the property owners, the Zoning Commission made a preliminary report, dated September 13, 1941, recommending that the petition be granted and stating that, in conformity with the act, the Zoning Commission had called a public hearing on the

matter for Friday, October 17, 1941. Thereupon, a motion was passed by the Board of Aldermen, authorizing the filing of the preliminary report and requesting that the public hearing thereon be held on September 25, 1941, in 10 days instead of 30 days as proposed by the preliminary report. Notice of this hearing was duly published in the Clarion Progress, but the record does not disclose whether or not the same was ever held.

On September 15, 1941, formal application for the issuance of a building permit for the construction of a gasoline filling station on property owned by the applicant was filed by John Fitzmaurice, relator herein, addressed to the city clerk, the mayor, and the Board of Aldermen of the City of Opelousas. On the same day, the Board of Aldermen unanimously adopted a motion deferring action on the application for this permit until after receipt of the final report of the Zoning Commission on the petition of property owners for the creation of a restricted residential district of the area in which relator's property is situated. This suit was instituted on September 17, 1941.

On October 7, 1941, the final report of the Zoning Commission on the petition of the property owners was filed with the mayor and Board of Aldermen, which report set forth that a public hearing was held on October 6, 1941, at which hearing all interested parties were invited to appear and offer such evidence or arguments as they might desire pertaining to the creation of such residential district, and that, after due consideration, the Commission recommended that the area be zoned, as per the petition of the property owners.

The record does not show that the mayor and Board of Aldermen of the City of Opelousas, pursuant to the report of the Zoning Commission, ever adopted an ordinance zoning or restricting this area, and there intervened between September 11, 1940, the date the petition was filed by the property owners, and September 13, 1941, the date of the preliminary report of the Zoning Commission, a period of one year without any action's being taken thereon, during which time building permits for commercial buildings were not issued in that area, pursuant to the resolution adopted on September 10, 1940. And, upon relator's making formal application for such a permit on September 15, 1941, a further motion was passed deferring any action on his application until after receipt of the final report of the Zoning Commission. This final report, as above stated, was filed on October 7, 1941.

It is therefore evident that 30 days did not intervene between September 13, 1941, the date the Zoning Commission ordered a public hearing, and October 6, the date said hearing was held according to the report filed the following day. Section 4 of Act No. 240 of 1926 prescribes certain conditions upon which municipalities may adopt zoning ordinances, among these being that the municipality shall allow a public hearing at which the citizens shall have an opportunity to be heard with reference to the proposed zoning ordinance, and that 30 days' notice of the hearing shall be published.

On the date on which judgment was rendered in this case in the lower court, the City of Opelousas, according to the record, had not adopted a zoning ordinance, and it was called to our attention in brief of counsel and in argument in this court that no zoning ordinance with reference to the area in question has been adopted by the mayor and the Board of Aldermen, which fact is undisputed by counsel for respondents,· although almost five years have elapsed since the petition was filed by the property owners on September 11, 1940, and almost four years since relator made application for a building permit on September 15, 1941.

In argument before this court and in brief filed here, respondents contend that the exception of no cause of action should have been sustained, for the reason that relator "has not affirmatively alleged that the power and province of the city authorities in the matter of issuing building permits is merely ministerial and there is no discretion vested in them whatever," and contend that "it is apparent from the petition itself that the relator had no 'vested right' in the application for a permit, nor does he allege any such vested right," and that therefore it was clearly in the purview of the police power of the city to refuse the same.

In support of their contention, counsel rely on the case of Cook v. City of Shreveport, 163 La. 518, 112 So. 402, 404, and authorities therein cited, for the provision of law that "It is well settled that mandamus lies to compel performance by a public of-

ficer of a plain duty, made ministerial by the provisions of a statute."

It is true that relator does not allege that the issuance of the permit was a "ministerial duty" of ʹa public officer, and that same was made ministerial by the provisions of a statute. However, the petition does allege that relator is the owner of certain property situated in an unrestricted and unzoned commercial area in the City of Opelousas; that the mayor and the Board of Aldermen of said city have illegally, unjustifiably, and unreasonably refused to issue a permit for the construction of a filling station thereon, despite repeated requests; that said officials seek to justify their refusal pursuant to a motion passed unanimously by said Board of Aldermen·on September 10, 1940; that said action constitutes a vain attempt to create a zoning ordinance in said area; that the motion adopted by the Board is null, void, and of no effect because not enacted in accordance with the provisions of Act No. 240 of 1926; that he has no adequate remedy at law, and that a mandamus is necessary to protect his rights in the premises. We think these allegations are ample.

The authorities cited by counsel for respondents on this point correctly state the rule to be that mandamus lies to compel performance by a public officer of a plain duty made ministerial by the provisions of a statute, but in no way are they authority for the contention that such an allegation must be contained in a petition praying for a writ of mandamus, nor have any authorities been cited so holding. We are of the

opinion that this contention is without merit.

On the question as to whether an individual has a vested right to such a permit, the case of State ex rel. Manhein v. Harrison, 164 La. 564, 114 So. 159, 163, is relied upon by respondents, which case arose prior to the adoption of Act No. 240 of 1926. Relator in that case applied for a writ of mandamus to force the building inspector of the City of Shreveport and the City Council to issue a building permit for the erection of a filling station. The facts disclosed therein show that, at the time relator made application and filed suit, the area in which the property was situated was not validly zoned. However, before the rendition of judgment in the lower court, a valid zoning ordinance was adopted by the city. Under these facts, plaintiff contended that the right to the permit should be determined by the conditions existing at the time the permit was applied for and the suit was filed, without reference to the ordinance introduced and adopted thereafter, though this ordinance was pleaded as a reason why the permit should not be ordered to issue. This court, in denying the permit in that case, said:

"The question is whether the council had a right to prohibit the issuance of permits previously applied for, though not granted, such as the permit in this case. We think that the council had such right. Every one holds his property subject to the police power. Because a person applies for a permit at a time when it might be lawfully granted does not give him a vested right to the permit. An ordinance may be validly passed after the making of such application which would prohibit the issuance of the permit."

We concede the proposition of law that everyone holds his property subject to the police power, and that the mere fact that a person applies for a permit at a time at which it might be lawful to grant such permit does not give him a vested right to such permit. However, the police power with reference to zoning must be exercised pursuant to the terms and provisions of Act No. 240 of 1926. Counsel for respondents cite no authority, nor are we aware of any, that requires relator to allege a vested right in order that a writ of mandamus shall issue.

In brief filed in this court, counsel for respondents urge that the exception of no right of action should have been sustained for the reasons (1) that the mayor and Board of Aldermen did not refuse relator's application for a permit but simply deferred action on it and instructed the clerk to refrain from issuing any permit to relator pending a final report of the Zoning Commission on the petition of the property owners, all being done by the formal motion of September 15, 1941, and (2) that said application did not comply with Ordinance No. 3 of 1923, known as the building ordinance, which ordinance was filed in evidence on the trial of the exception.

The record discloses that various verbal applications had been made for the issuance of the permit in question and also that on September 15, 1941, formal application was made by letter as follows, to-wit:

"Opelousas, Louisiana,
"September 15, 1941.

"Hon. C. L. Clay, City Clerk and
"Mayor and Board of Aldermen of
"the City of Opelousas, Louisiana.

"Gentlemen:

"I hereby make formal application for the issuance of a building permit to be for the construction of a gasoline filling station to be erected on my property situated in the City of Opelousas at the intersection of East Landry and Walnut Streets.

"Yours very truly,
"John Fitzmaurice
"By: Francis R. Edwards, Attorney."

Relator in his petition alleges that, notwithstanding these applications, the city authorities refused to issue the permit in question. At the time formal application was made, no prohibition was shown against the issuance of the permit except the motion of September 10, 1940, to the effect that building permits for commercial buildings should not be issued pending final action on the petition of property owners owning property in the area affected, which motion had been passed, as previously stated herein, more than one year prior to the application.

However, after the application was filed, another motion was adopted specifically refusing relator's application until after the final report of the Zoning Commission, this being the motion of September 15, 1941.

It is conceded that there was then, and is now, no valid existing zoning ordinance with respect to the area in question, or, in other words, that no zoning ordinance has

yet been adopted pursuant to the terms and conditions of Act No. 240 of 1926, although almost five years have elapsed since the property owners' petition was filed.

Under these facts and circumstances, we think that the deferring of the permit in this case pursuant to the motion in question was tantamount to, and is, a refusal thereof. This is clear, since no permit has yet been issued, even though suit was filed and an alternative writ of mandamus issued and was later made peremptory by the lower court.

Counsel for relator call our attention to the fact that the motion of September 15, 1941, deferred action on his application for a permit until the final report of the Zoning Commission was filed, and correctly point out that this report was filed on October 7, 1941, and under these facts contend that said motion is no longer in force and effect, and, further, that no zoning ordinance has been adopted since the final report was made and that there is no prohibition against the issuance of the permit in question.

Ordinance No. 3 of 1923 is an ordinance prohibiting the construction of buildings of any character within the corporate limits of the City of Opelousas without first having obtained a permit, and providing for the issuance of such permits by the mayor. This ordinance provides that application shall be made to the mayor in writing and shall describe in general terms the character of the building, the material of which same is to be built, the location, etc.

Respondents contend that the permit in this case has not been properly applied for,

in that the application failed to state in general terms the character of the building to be constructed, the materials out of which it was to be built, etc., as provided by the 1923 ordinance.

On this point the testimony of Charles L. Clay, city clerk, is positive, and clearly shows that, even if the application had been in the form required by the ordinance, it would still have been refused. And therefore the mere fact that the application was not in the form required by the ordinance was not the real ground, and was not urged at the time as the reason, for the refusal to issue the permit. It is clear to us that the only grounds for refusal were the motions of the mayor and the Board of Aldermen of September 10, 1940, and September 15, 1941. In other words, the outcome would have been the same even if all of the formalities required by the building ordinance had been observed by relator in making and filing the application. As pointed out in relator's brief, it would therefore have been a vain and useless formality for him to have made application for the permit on the forms provided by the city, for even in that case his application would have been refused, as the informality of the application did not constitute the real reason for the refusal.

In Reimer v. Dallas, Mayor, et al., N.J. Sup., 129 A. 390, 392, it was held that a municipality could not, on application for a mandamus to compel issuance of a building permit, for the first time raise the objection that the application was not in writing or object to the plans of the proposed building, said objections not having been made at the time of the refusal to grant such permit, the permit having been refused on other grounds. We quote from that case as follows:

"The next point which the defendants raise is that the application was not in writing. The refusal of the municipal authorities was not based upon this point. This contention cannot now be raised, as it was not a ground for the refusal. In effect it was waived. Objection is also made by defendants at this time to the plan of the proposed buildings for which the permit was sought. * * * As, however, this was not one of the grounds advanced by the municipal authorities for the refusal to grant the permit, I think it cannot be availed of at this time."

In the case at bar, the trial judge in a well reasoned and well written opinion overruled the exception of no cause and no right of action, and we think that his ruling was correct.

Section 3 of Ordinance No. 3 of 1923 reads as follows:

"Be it further ordained, etc., that the Mayor is hereby authorized to issue permits for the construction of buildings, and *shall in all instances issue such permits* when the same have been properly applied for, and where the construction of said buildings shall not be in violation of any laws of the City, State or Nation." (All italics ours.)

Authority for the above ordinance is found in Act No. 234 of 1908, as amended by Act No. 237 of 1920. Section 4 of the amending act reads in part as follows:

"\* \* \* all such municipalities shall be authorized to require building permits and permits for repairs, which permits shall be granted according to uniform rules, and *shall never be refused* when the application setting forth the character of the building to be constructed, or the natures of the repairs, conforms to the requirements of the ordinances of the municipality passed in pursuance of this Act \* \* \*."

The city, having availed itself of the authority granted by this act, is bound by the terms and provisions thereof, and is not allowed or permitted any discretion, for the act in question provides that permits shall never be refused when the application sets forth the character of the building to be constructed and conforms to the requirements of ordinances adopted pursuant to said act. This fact is recognized in the ordinance itself, which provides in Section 3 that the mayor shall issue the permits when the provisions of the ordinance have been complied with.

As previously set out in this case, the refusal of the permit was not due to the fact that it did not comply with the provisions of the ordinance in question, and, in effect, these requirements were waived. Therefore, upon formal application's being made, it was the duty of the municipal authorities to issue the permit, for the ordinance simply imposed upon the mayor a ministerial duty in which he had no discretion, and it is well settled that mandamus will lie to compel the performance by public officers of a plain duty made ministerial by statute. Cook v. City of Shreveport, 163 La. 518, 112 So. 402.

Counsel for respondents in brief ask this court to note that the prayer of the petition, in addition to asking that the resolution of September 10, 1940, be declared null and void, prays also for an alternative writ of mandamus, but nowhere prays for any further action on said alternative writ. In other words, they ask this court to note that the prayer of the petition is not sufficient, in that it does not pray that the alternative writ of mandamus be made peremptory.

This objection was not raised in the lower court and cannot now be urged on appeal, for the jurisprudence is well settled that pleas and issues not raised in the court of first instance cannot be raised on appeal. Woodward, Wight & Co. v. National Box Co., 168 La. 701, 123 So. 296; Succession of Price, 172 La. 606, 134 So. 907; Succession of Quinn, 183 La. 727, 164 So. 781; Fite v. Miller, 192 La. 229, 187 So. 650, 122 A.L.R. 446; Weingart v. Delgado, 204 La. 752, 16 So.2d 254.

In addition, we think this contention is without merit, as the prayer in this case is for all orders and decrees necessary and needful in the premises and for full and general equitable relief. This, in our opinion, is ample for the making of the writ peremptory after trial on the merits, and particularly so as the objection was not raised below. Robertson v. Missouri Pac. R. Co., La.App., 165 So. 527; Douglass v. Gyulai, 144 La. 213, 80 So. 258; Haas et al. v. McCain, 161 La. 114, 108 So. 305.

In State ex rel. Holcombe v. City of Lake Charles, 175 La. 803, 144 So. 502, it was held that zoning ordinances adopted

without compliance with statutory requirements, and particularly without compliance with Section 4 of Act No. 240 of 1926 with respect to public hearings, were null and void, and the judgment in the lower court making the alternative writ of mandamus issued therein peremptory was affirmed, even though the municipality in that case, in a plea filed in this court, asked that the case be remanded to show that, since the decision in the lower court, the Municipal Council of Lake Charles had adopted another zoning ordinance which purported to forbid the establishment of a filling station on relator's property. In refusing to remand the case, this court said that there was no good reason why a case of this kind should be remanded or reopened whenever the municipality adopted another ordinance in defense of the suit.

That case is clearly distinguishable from the case of State ex rel. Manhein v. Harrison, 164 La. 564, 114 So. 159, relied upon by respondents, because the Manhein case was decided on facts and issue which arose prior to the adoption of the zoning act, Act No. 240 of 1926, and, further, because in the Manhein case a valid zoning ordinance was adopted *prior* to the decision in the lower court, which was not done in the Holcombe case.

Since respondents have failed to show that there is in existence any valid zoning

ordinance or any other ordinance prohibiting the issuance of the permit in this case, we are of the opinion that the judgment of the lower court making the alternative writ of mandamus peremptory is correct.

The judgment of the lower court was rendered in favor of John Fitzmaurice, relator, and against Charles L. Clay, city Clerk, and against the mayor and Board of Aldermen of said city, namely, David F. Hollier, mayor, and Lee Clary, Ellis Schwartzenberg, A. B. Reed, T. W. Huntington, and Rene Stelly, aldermen. During the pendency of this appeal, certain changes have occurred in the personnel of the governing authority of the City of Opelousas, and accordingly relator has filed a motion, which has been acquiesced in by the city attorney of Opelousas, to substitute as parties defendant T. W. Huntington, mayor, for David F. Hollier; Vernon Schwartzenberg and his deputy, Lawrence A. Hollier; Albert Mouret, and Herbert T. Fontenot, aldermen, for Ellis Schwartzenberg, A. B. Reed, and T. W. Huntington. It is therefore necessary that these persons be substituted as parties defendant and that the judgment be amended accordingly, and it is so ordered.

For the reasons assigned, it is now ordered that the judgment of the lower court, as amended, be affirmed and made the final judgment of this court.