McCALEB, Justice.
Relator is the owner of a parcel ■of ground located in an unzoned commercial area of the City of New Iberia. On October 8, 1948, he made written application to the Mayor and Board of Trustees, in conformity with City Ordinance No. 671, for a permit to construct a one-story building on his property for use as a motion picture theatre. The application was denied, relator being advised by the city attorney on October 11, 1948, that the city council had directed the Mayor not to issue a permit; hence this suit, in which relator seeks a writ of mandamus commanding the Mayor and the Board of Trustees of the city to issue the desired permit.
In the lower court, the respondents contested the action on various grounds, the main one being that the Mayor was vested with discretionary powers with respect to the issuance of building permits. After elimination of the members of the Board of Trustees as parties defendant by agreement of counsel, the case proceeded to trial and resulted in the issuance of a writ of mandamus as prayed for by relator. The Mayor has appealed.
The principal contention of the Mayor in this Court is that the building permit ordinance of the City of New Iberia grants him discretion to issue or withhold permits as he deems proper.
We find no merit in the point. The ordinance provides in substance that no person shall construct, repair, etc., any building within the corporate limits of New Iberia without first having applied for and received a building permit; that each applicant shall be required to furnish cer *247 tain information in connection with his application and pay charges based upon a graduated scale according to the cost of the construction or repair work, and that any violation of the ordinance shall be deemed a misdemeanor, punishable by fine and by imprisonment in default of payment of the fine. This ordinance was enacted pursuant to the authority granted by Act No. 234 of 1908, as amended by Act No. 237 of 1920, which empowers all municipalities exceeding 500 population to establish fire limits and to regulate the construction of buildings, etc., within said limits. Section 4 of the statute declares: “All such municipalities shall be authorized to require building permits and permits for repairs, which permits shall be granted according to uniform rules, and shall never be refused when the application setting forth the character of the building to be constructed, or the natures of the repairs, conforms to the requirements of the ordinances of the municipality passed in pursuance of this Act, * *
In view of the foregoing limitation of authority, it is clear that, aside from the fact that there is nothing in the ordinance indicating that the Mayor is given discretionary powers, the city council could not have validly provided for the exercise of discretion. Hence, upon relator’s compliance with the provisions of the ordinance, it became the ministerial duty of the Mayor to issue the permit. State ex rel. Calvary Baptist Church v. City of Alexandria, 164 La. 628, 114 So. 492, and. State ex rel. Fitzmaurice v. Clay, 208 La, 443, 23 So.2d 177.
Counsel for the Mayor insist that the-building permit ordinance was not enacted under authority of Act No. 237 of 1920. They conclude that this must be so because the charter of New Iberia charges, the Mayor with the duty of issuing all-building permits and imposes on him many obligations inconsistent “with a deprivation of discretion” in such matters.
The short answer to this contention, is that the duty of the Mayor to issue permits is restricted to those permits required by city ordinances and such ordinances-cannot clothe him with greater power than that authorized by the statute which enabled their enactment.
Counsel further maintain that the Mayor rightfully refused the permit because there was a petition signed by a majority of property owners in that vicinity requesting that the area be zoned. But,, admittedly, there was no zoning ordinance affecting the area in question either at the date of formal application for a permit. or at the time of the judgment below. Hence, the fact that zoning of the area was being contemplated is without pertinence to the -case. State ex rel. Fitzmaurice v. Clay, supra.
Counsel also assert that the Mayor-had authority to withhold a building permit *249 •under Act No. 117 of 1912.[1] That act provides that various municipalities of the 'State shall have the right to refuse building permits to persons seeking to construct Negro houses in a white community and vice versa, unless written consent is obtained from a majority of those belonging to the opposite race inhabitating the portion of the city to be affected. It is difficult to discern the applicability of the statute to the case at bar. Obviously, the •act applies to residential districts. The record shows that the area in which relator’s lot is located is a colored commercial section of the city. Apart from everything else, the contention is purely an afterthought as the Mayor attributed his refusal of the permit to the petition of the property owners, purporting to come from this area, requesting that it be zoned.
Finally, counsel say that relator’s application for the permit was improper in that the contractor named therein had not paid the annual license exacted by the city for persons engaged in that occupation. The point is not impressive; the ordinance merely requires that the building contractor be named in the application for the permit. Moreover, the permit was not denied on the ground that relator’s contractor had not obtained an occupational license in New Iberia.
The judgment is affirmed.

. This statute has been declared partially invalid. See Harmon v. Tyler, 273 U.S. 668, 47 S.Ct. 471, 71 L.Ed. 831, reversing 160 La. 943, 107 So. 704, on the authority of Buchanan v. Warley, 245 U.S. 60, 38 S.Ct. 16, 62 L.Ed. 149, L.R.A.1918C, 210, Ann.Cas.l918A, 1201.