LANDRY, Judge
(concurring in the result).
I concur in the result reached by the majority but disagree with the ruling that a constitutional question may be raised for the first time on appeal.
The majority has pitched its decision on Article 2164 LSA-C.C.P. which in effect permits appellate courts to decide cases on the record without reference to issues passed upon by the trial court. However, the scope of Article 2164 is not without limitation, in my judgment.
For example, despite Article 2164, above, certain affirmative defenses must still be specially pleaded, such as prescription, fraud and discharge in bankruptcy. See LSA-C.C.P. Article 1005.
It has long been settled that laws are presumed constitutional, Polizzi v. Lotz, 240 La. 734, 125 So.2d 146; he who alleges unconstitutionality bears the burden of proof by clear and cogent evidence, Kansas City Southern Railway Company v. Reily, 242 La. 235, 135 So.2d 915. Prior to enactment of Article 2164, above, it was settled jurisprudence that a constitutional question could not be raised for the first time on appeal. See Wilmot v. Wilmot, 223 La. 221, 65 So.2d 321, followed in 223 La. 250, 65 So.2d 330. See also other cases cited under Par. 458, Article 2164.
My research discloses no cases dealing with the subject matter subsequent to the advent of Article 2164, above. However, in my view, constitutionality is not within the ambit of Article 2164. If issues such as prescription and discharge in bankruptcy are so basic and important that they must be specially plead on trial, I see no reason why the presumption of validity attending a law or ordinance should not be accorded the same dignity. I regard the presumption of validity of laws even more important than special defenses such as prescription or a discharge in bankruptcy.
I disagree with the reasons for judgment stated in the opinion.
It must also be recalled that the decision of the trial court on a constitutional question determines appellate jurisdiction. Louisiana Constitution Article VII, Section 10, provides that appeal from a judgment declaring a law or ordinance unconstitutional shall be to the Supreme Court. Article VII, Section 29, confers appellate jurisdiction upon the Courts of Appeal in cases where a law or ordinance is held valid.
I believe, however, the trial court incorrectly rejected plaintiff’s demands predicated upon adoption of Ordinance No. 2876, the day following his issuance of the mandamus originally prayed for by plaintiff. In this regard, I am fully cognizant of the ruling in Manhein v. Harrison, 164 La. 564, 114 So. 159, relied upon by defendant herein. In Manhein, it was held that a change in zoning regulations defeat *790 ed the right to a building permit even though the application therefor was made before the enactment of the ordinance. The Court in Manhein, above, held in effect the pendency of an application did not confer upon an applicant an absolute or vested right to the permit.
It appears, however, that the rule in Manhein, above, has been relaxed, if not impliedly overruled, in the subsequent cases of State Ex Rel Fitzmaurice v. Clay, 208 La. 443, 23 So.2d 177, and State Ex Rel Romero v. Viator, 217 La. 239, 46 So.2d 256. Granted that in the Clay and Viator cases, above, no ordinance was adopted. However, in the case at hand, appellant had obtained a judgment in his favor directing the issuance of the requested permit before the ordinance was adopted.
In my judgment, appellant should have been awarded judgment below on authority of the Clay and Viator cases.
I concur in the result.