28 So.2d 447

**MILLS et al. v. CITY OF BATON ROUGE.**

No. 38196.

Nov. 12, 1946.

Roland C. Kizer, of Baton Rouge, for defendant-appellant.

Sanders & Miller, of Baton Rouge, for plaintiffs-appellees.

HAWTHORNE, Justice.

Plaintiffs, as owners of certain real property, instituted this suit against the city of Baton Rouge to have declared null and void and of no force and effect a certain zoning ordinance adopted on September 27, 1944, by the Commission Council of that city, zoning the area in which their property is situated for residential purposes only and prohibiting its use for commercial purposes.

Judgment was rendered by the Nineteenth Judicial District Court, decreeing the ordinance to be null and void and of no force and effect, and enjoining and restraining the city, its officers, agents, servants, and employees from in any manner interfering with plaintiffs and appellees in their right to use for commercial purposes the property owned by them in the area zoned by the ordinance. The City of Baton Rouge has appealed.

The City of Baton Rouge on January 27, 1941, complying with the provisions of Act No. 240 of 1926, established a Zoning Commission to be composed of five members, all residents of the City of Baton Rouge, with such duties, powers, and authority as are conferred upon a zoning commission by the provisions of the act.

On October 17, 1941, about nine months later, the Commission Council of the City of Baton Rouge adopted an ordinance (which has never been repealed or amended) creating a City Planning Commission and providing for the term of office of the members thereof, their qualifications, powers, and duties, and on the same day adopted another ordinance approving the appointment by the mayor of the 15 members of the Planning Commission and fixing

their terms of office. These two ordinances were adopted pursuant to the authority granted to municipalities by Act No. 305 of 1926.

The Zoning Commission, composed of five members appointed pursuant to the provisions of Act No. 240 of 1926, after public notice and a hearing recommended to the Commission Council that an appropriate ordinance be passed zoning as a strictly residential district that area of the City of Baton Rouge in which plaintiffs-appellees' property is situated. Accordingly on September 27, 1944, the Commission Council of the city amended an existing zoning ordinance (adopted on March 11, 1941) so as to zone said area as a strictly residential district and to prohibit the use of property located therein for any commercial purpose.

Plaintiffs and appellees attack the amending ordinance of September 27, 1944, contending in brief and in argument before this court that the ordinance is null and void and of no force and effect for the reason that the proper commission (the City Planning Commission) did not act as required by Act No. 240 of 1926; or, as we understand their argument, that the Zoning Commission, pursuant to whose recommendations the ordinance was adopted by the Commission Council, was not the proper body to make such recommendations under the authority of the act.

They contend in the alternative (1) that, even if the proper commission did act, the notice of its public hearing was invalid and the hearing itself improper; (2) that, even if the ordinance was validly passed, it had a prospective effect only; (3) that, if the ordinance did have a retroactive application, it is so capricious and unreasonable as to be invalid.

Section 6 of Act No. 240 of 1926, the zoning enabling act, reads as follows: "In order to avail itself of the powers conferred by this act, such legislative body shall cause to be appointed a zoning commission, to recommend the boundaries of the various original districts and appropriate regulations to be enforced therein. Such commission shall make a preliminary report and hold public hearings thereon before submitting its final report to the legislative body. *Where a city planning commission exists, it shall be the zoning commission.*" (All italics ours.)

It is the contention of appellees that the Zoning Commission, appointed by the Commission Council of the City of Baton Rouge on January 27, 1941, pursuant to the provisions of the section of the act above quoted, ceased to exist on the creation and appointment thereafter by the Commission Council on October 17, 1941, of a City Planning Commission, and that the Zoning Commission was without authority to give notice, to hold the public hearing, and to recommend to the Commission Council the zoning for residential purposes of the area in which plaintiffs' property is situated, there being in existence at that time a

Planning Commission; that such notice, public hearing, and recommendations should have been made by the City Planning Commission, because, under the provisions of Section 6 of the act, when the City Planning Commission was created, it became the Zoning Commission and was vested with all the duties and powers of that commission, and that consequently the ordinance adopted by the Commission Council of the City of Baton Rouge on September 27, 1944, pursuant to the recommendations of the Zoning Commission, was null and void and of no force and effect.

Appellant contends that the Zoning Commission of the City of Baton Rouge was the proper commission to make recommendations to the Commission Council regarding the zoning of areas within the city, and that all proceedings leading up to the adoption of the ordinance were regular and valid. In support of this contention counsel argues (1) that the word "exists" as used in the last sentence of Section 6 of Act No. 240 of 1926 means to live, to have life or animation, to be in present force, activity, or effect at a given time, and that under such definition the language of the section here involved could only be taken reasonably to mean that, if a city planning commission had already been created at the time of the passage of the act (240 of 1926), it should be the zoning commission; (2) that the Legislature did not intend that a planning commission when created should supersede an existing zoning commission, and that this is shown by the fact that, at

the time of the passage of Act No. 240 of 1926, only cities with a commission-manager form of government were authorized by statute to have a city planning commission, and (3) that there is nothing in Act No. 305 of 1926 authorizing the planning commissions created pursuant thereto to deal with the specific problem of zoning.

Act No. 240 of 1926 is patterned after a standard zoning enabling act prepared by the advisory committee on zoning of the Department of Commerce. 15 A.B.A.Jour. 536; 3 McQuillin, Municipal Corporations, 2d Ed. Rev., Section 1032, page 431; Legal Aspects of Local Planning and Zoning in Louisiana, 6 La.L.Rev. 495, 504. The Secretary of Commerce, Hoover, had this committee appointed to prepare a standard enabling act to meet the great demand for zoning legislation. This standard enabling act is a general delegation of power to a city to regulate and control the use of property in zoning districts established by ordinance. By 1926, the year in which the Louisiana zoning statute was adopted, this standard act had been the basis of the enabling acts of 20 states. City of Bismarck v. Hughes et al., 53 N.D. 838, 208 N.W. 711.

The last sentence of the section of the standard enabling act which corresponds to Section 6 of the Louisiana act reads as follows: "Where a city plan commission *already* exists, it *may be appointed as* the Zoning Commission." McQuillin, loc. cit. supra.

It is to be noted that the Louisiana Legislature, in adopting Act No. 240 of 1926, in

Section 6 thereof followed this section of the model act with the exception that it deleted the word "already" and substituted the words "shall be" for "may be appointed as", the last sentence of Section 6 reading: "Where a city planning commission exists, it *shall be* the zoning commission."

What, then, was the purpose and object of the Legislature in stating that, if a city planning commission exists, "it shall be the zoning commission"? Or, in other words, why did the Legislature make use of the mandatory words "shall be" instead of the words "may be appointed as" and delete the word "already"?

█ In seeking this object and purpose, it is our duty to construe the statute so as to accomplish the purpose for which it was enacted and to give effect to the legislative will, and, after the object which the Legislature had in view is ascertained, an interpretation should be adopted which best harmonizes with the context and with that object. Thibaut v. Board of Com'rs of Lafourche Basin Levee Dist., 153 La. 501, 96 So. 47; Fupsodent Co. v. Krauss Co., Ltd. (International Cellucotton Producers Co. v. Same), 200 La. 959, 9 So.2d 303; Curatorship of Parks, 210 La. 63, 26 So. 2d 289.

While to us the Legislature's intention in deliberately departing from the language of the standard enabling zoning act is clear and unambiguous, a consideration of the Louisiana zoning act and the city planning commission act reveals the reasons why the Legislature so framed this sentence of the zoning act.

In order to avail itself of the powers conferred by Act No. 240 of 1926, the zoning act, the legislative body of any incorporated city, town, or village shall cause to be appointed a zoning commission to recommend the boundaries of the various districts and appropriate regulations to be enforced therein. This commission is required to make a preliminary report and hold public hearings thereon before submitting its final report to the legislative body, and such legislative body may divide the municipality into districts of such number, shape, and area as may be deemed best suited to carry out the purposes of the act, and within such districts it may regulate and restrict the erection, construction, alteration, or use of buildings, structures, or land, such regulations to be made in accordance with a comprehensive plan and design to lessen congestion in the public streets, to secure safety from fire, to promote health and the general welfare, to provide adequate light and air, to avoid undue concentration of population, to facilitate adequate transportation, water supply, sewerage, schools, parks, and other public requirements.

The powers and duties of the City Planning Commission, created by the ordinance adopted by the Commission Council on October 17, 1941, under the provisions of Section 3 of Act No. 305 of 1926 include, among other things, "The preparation of maps and plans of the whole or any part of

the municipality and of land outside the municipality, which, in the opinion of the Commission, bears relation to the municipality; the making of recommendations respecting the location, width, and arrangement of roads, streets, alleys, ways, subways, viaducts, bridges, parks, parkways, boulevards, playgrounds. community centers and other public buildings, grounds or improvements, and the location, relocation, widening, removal, vacation or extension or other improvement of such existing public works; the platting of land into lots, roads, streets, and other dedicated or private ways; the location, relocation and development, routing, re-routing of transit and transportation lines, the making of all other recommendations to the legislative body and department heads, which in the opinion of such commission, are in the interest of the systematic planning of the parish or municipality".

■ It is true that Act No. 305 of 1926 does not contain any provision regulating and restricting the erection, construction, alteration, or use of buildings, structures, or land. However, each act contemplates the dividing of the municipality into districts and the adoption of a comprehensive plan with regard to roads, streets, transportation facilities, schools, parks, etc., on recommendations by the appropriate commission to the legislative body in regard thereto. It is therefore evident that the powers, duties, and functions of a zoning commission, created under the provisions of Act No. 240 of 1926, and those of a plan-

ning commission, created under the provisions of Act No. 305 of 1926, in many instances overlap. This convinces us that it was never the intention of the Legislature that a municipality should have both of these boards, with such overlapping powers and duties, functioning at one and the same time. Therefore, when the City Planning Commission of Baton Rouge came into existence by virtue of the ordinance creating it on October 17, 1941, the Zoning Commission theretofore created ceased to have any power and authority, and the City Planning Commission became the city Zoning Commission with all the powers, authority, and duties given to a zoning commission by the provisions of Act No. 240 of 1926.

City zoning is an integral and component part of any intelligent and systematic city planning program, and city planning necessarily includes zoning. This fact was recognized by the Supreme Court of New Jersey in the case of Mansfield & Swett, Inc., et al. v. Town of West Orange et al., 120 N.J.L. 145, 198 A. 225, 228, in which case that court said:

" * * * While planning and zoning are sometimes considered so closely of kin as to constitute a single conception, they do not cover identical fields of municipal endeavor. Although municipal planning embraces zoning, the converse of the proposition does not hold true. They are obviously not interchangeable terms. Zoning may not entirely exclude planning, but it obviously dces not embrace planning in its entirety.

"Zoning is a separation of the municipality into districts, and the regulation of buildings and structures in the districts so created, in accordance with their construction and the nature and extent of their use. * * * It is the dedication of the districts delimited to particular uses designed to subserve the general welfare. It pertains not only to use but to the structural and architectural design of buildings.

"Planning, on the other hand, is a term of broader significance. It connotes a systematic development contrived to promote the common interest in matters that have from the earliest times been considered as embraced within the police power. * * *."

We do not think there is any doubt that, if a state adopts a statute following the language of the model zoning enabling act and a municipality passes an ordinance thereunder for the purpose of zoning, the municipality has the discretion of appointing the city planning commission as the zoning board, provided the planning commission is already in existence at such time as the municipality avails itself of the provisions of the act, or that in such case it is discretionary with the municipality either to appoint the city planning commission as the zoning commission or to appoint a zoning commission and thus have both commissions, which under our law would have overlapping duties and powers, functioning at the same time in the same municipality. We believe it was the object, purpose, and intention of the Louisiana Legislature to prevent this very thing, because it deleted the word "already" and substituted the words "shall be" for "may be appointed as", thereby prohibiting the exercise of this discretionary right by a municipality availing itself of the provisions of Act No. 240 of 1926, the state zoning enabling act.

■ Although the ordinance here under attack was adopted pursuant to the recommendation of the Zoning Commission after public notice and a hearing by that body, that commission was not the proper one to give such notice, conduct a hearing, and make recommendations to the Commission Council, as these powers and duties are vested in the City Planning Commission, which is now the Zoning Commission of the City of Baton Rouge under the provision of Section 6 of Act No. 240 of 1926 that, "Where a city planning commission exists, it shall be the zoning commission". We therefore conclude that the zoning ordinance adopted by the Commission Council of the City of Baton Rouge on September 27, 1944, is null and void and of no force and effect because it was not enacted in compliance with the terms and provisions of Act No. 240 of 1926. State ex rel. Holcombe v. City of Lake Charles, 175 La. 803, 144 So. 502; State ex rel. Fitzmaurice v. Clay et al., 208 La. 443, 23 So.2d 177.

Due to the conclusion which we have reached, it is not necessary for us to discuss the alternative pleas made by the appellees herein.

For the reasons assigned, the judgment appealed from is affirmed; costs of these proceedings in so far as allowed by law to be paid by appellant, City of Baton Rouge.

PONDER, J., absent.