HARDY, Judge.
This action was instituted by plaintiffs as owners of certain described property located in Bossier City, praying for a declaratory judgment annulling and declaring invalid an amendment to a zoning ordinance enacted by the defendant municipality, allegedly in violation of the statute governing same and adversely affecting plaintiffs’ rights in the use of their property. A third party property owner intervened in the suit, and joined with defendant in opposition to plaintiffs’ demands. The facts were stipulated, and, after hearing, there was judgment in favor of defendant and intervenor rejecting plaintiffs’ demands. However, application for a rehearing was granted, after which judgment was rendered in favor of plaintiffs from which the defendant municipality has appealed. The intervenor has not appealed, and, therefore, is not a party to these proceedings.
The pertinent facts are that on February 7, 1958, a special meeting of the City Council of Bossier City, Louisiana, was held for the purpose of acting upon a proposed zoning ordinance designated as Ordinance No. 620 of 1958; the ordinance had been properly advertised and presented, together with a map showing the zoning classifications, to the City Council; plaintiffs’ property, which had theretofore been classified as commercial, was shown to be reclassified as a B-2 or Neighborhood Business District, which would permit construction and operation of an automobile service station; at the meeting of the Council an objection was made to the proposed zoning of plaintiffs’ property by the neighboring property owner who later intervened in this suit; the ordinance was amended by changing the classification of plaintiffs’ property to B-l, which would not permit the use above stated. The ordinance, as amended, was then adopted by unanimous vote of the City Council. At the same meeting the zoning map was adopted without change, which map reflected the classification of plaintiffs’ property as B-2.
The basis of plaintiffs’ attack upon the validity of the ordinance, as adopted, is that the action of the City Council violated the statutory procedure set forth in Act 189 of 1954.
Specifically, the legislation in question was a special act providing for metropolitan planning in Bossier City and adjacent areas. The portion of the act governing procedure with respect to zoning is found in Sections 3 and 4 of Article 5, reading as follows:
“Section 3: Method of Procedure: Before enacting the zoning ordinance or any amendment thereof, the City Council or the Police Jury, as the case may be, shall hold a public hearing thereon, at least ten days notice of the time and place of which shall be published in a newspaper of general circulation in the municipality or in the parish as the case may be. No change in or departure from the text or maps as certified by the planning commission shall be made, tmless such change or departure be first submitted to the planning commission and approved by it, or if disapproved, receive the favorable vote of not less than two-thirds of the entire membership of the City Council or the Police Jury, as the case may be
“Section 4: Amendments: The zoning ordinance, including the map or maps, may from time to time be amended; but no amendment shall become effective unless .it be first submitted to and approved by the planning *198 commission, or, if disapproved, shall receive the favorable vote of not less than two-thirds of the entire membership of the City Council or the Police Jury, as the case may be.” (Emphasis supplied.)
The attack made by plaintiffs with respect to the adoption of the amendment to the ordinance is simple and direct, namely, that it violates the specific provisions of the statute as above set forth. Under the facts, we think there is no basis for question as to the validity of this position. There is no conflict in our jurisprudence as to the established principle that the zoning power must be exercised pursuant to the terms of the statute governing the same; Mills et al. v. City of Baton Rouge, 210 La. 830, 28 So.2d 447; State ex rel. Fitzmaurice v. Clay, 208 La. 443, 23 So.2d 177; State ex rel. Holcombe v. City of Lake Charles et al., 175 La. 803, 144 So. 502.
No contention is made on behalf of defendant municipality with respect to the conclusion that the adoption of the amendment to the zoning ordinance violated the provisions of the statute. However, it is asserted by way of defense (1) that the amendment has been approved by the planning commission; (2) that there was no necessity to submit the amendment before adoption by the City Council; and (3) that plaintiffs have not been deprived of property without due process of law. These points of defense are predicated, respectively, upon the accepted facts that the planning commission was notified of the amendment to the zoning ordinance as adopted and took no action to reverse the City Council; that plaintiffs made two applications, subsequent to the adoption of the ordinance in question and prior to the institution of this suit, for re-zoning the subject property, which applications were refused by the planning commission; that since the City Council is authorized by the Special Zoning Act of 1954 to override the recommendation of the planning commission by two-thirds vote of the membership of the City Council, the adoption of the amended ordinance by unanimous approval of the Council should be given effect, and, finally, that plaintiffs cannot be heard to complain, since they failed to appear at the Council meeting at which the amended ordinance was adopted, which was open for a public hearing.
We think none of the above objections and the factual grounds upon which they are predicated are pertinent to a consideration of the single and controlling issue which has been above described. Unquestionably, the adoption of the amended ordinance constituted a direct violation of the statutory requirements, and it was, accordingly, null, void and of no effect.
For the reasons assigned, the judgment appealed from is affirmed.