230 So.2d 920 (1970)
Charlie J. TALBERT, Plaintiff-Appellant,
v.
The PLANNING COMMISSION, CITY OF BOGALUSA, et al., Defendants-Appellees.
No. 7858.
Court of Appeal of Louisiana, First Circuit.
February 2, 1970.
*921 Roy M. Lilly, Jr., Bogalusa, for plaintiff-appellant.
Robert T. Rester, Bogalusa, for defendants-appellees.
Before LANDRY, SARTAIN and ELLIS, JJ.
SARTAIN, Judge.
The plaintiff is the owner of property situated adjacent to other property in the City of Bogalusa whose owners sought and obtained a change in zoning to "P" Planned Commercial. This suit was instituted to seek injunctive relief against the Planning Commission and the Mayor and Council of the City of Bogalusa to prevent the proposed change in zoning. The property was rezoned prior to a hearing on the injunction. Plaintiff, reiterating the allegations and prayer of his original petition, filed a supplemental and amending petition seeking to have the ordinance adopted by the Commission Council declared void and invalid on the grounds that the applicants for the change in zoning had applied to the Planning Commission, and, accordingly, that the Council of the City of Bogalusa had acted on the recommendation of the wrong body contrary to the ordinances of the City of Bogalusa and the applicable provisions of our statutory law.
Defendants filed a peremptory exception of no cause of action which was sustained by the trial judge. Our review of this case leads us to the conclusion that the trial judge erred when he sustained the exception and his decision in this respect should be reversed and the matter remanded.
L.R.S. 33:101 et seq. provides for the creation of a planning commission for the physical development of parishes and municipalities. Section 106 prescribes its powers and duties.[1]
L.R.S. 33:4726 et seq. provides for municipal zoning regulations, the creation of a zoning commission and the procedure to be followed in changing previously existing zoning regulations.[2]
*922 Acting pursuant to the aforementioned statutes the City of Bogalusa created a planning commission[3] and delegated to it certain responsibilities.[4] The city ordinances also provided that the planning commission thus created would also serve as the zoning commission.[5]
Counsel for defendants in his peremptory exception alleged that the petitions, original and supplemental, of plaintiff do not allege the violation of any state statute permitting or a city ordinance establishing the creation of the Planning and Zoning Commission for the City of Bogalusa; that the petitions failed to disclose a violation of any city ordinance or state statute regulating the meetings of the Planning and Zoning Commission for the City of Bogalusa, and that the petitions of plaintiff failed to allege that proper notice was not given prior to the hearing before the Planning and Zoning Commission of the City of Bogalusa. Alternatively, defendants allege that if the petitions of plaintiff disclose violations of the zoning laws of the City of Bogalusa or of the State of Louisiana, then the governing authority of the City of Bogalusa had the unquestioned right "to independently make any changes relative to zoning" under the provisions of Section 24-15 of Article VIII of the city's Code of Ordinances.[6]
*923 In consideration of an exception of no cause of action, it is fundamental that the court consider every reasonable hypothesis of facts admissible under the pleadings and in addition thereto the allegations of fact contained in the petition for the purpose of considering the exception are accepted as true. See Poynter v. Fidelity & Casualty Co. of New York, 140 So.2d 42 (3d La.App., 1962, cert. den. 1962); Steagall v. Houston Fire & Casualty Insurance Co., et al, 138 So.2d 433 (3d La.App., 1962); Rogers v. T. L. James & Company, 128 So.2d 829 (3d La.App., 1961); Granger v. Stine, 127 So.2d 228 (3d La.App., 1961); and Bergeron v. Greyhound Corporation, 100 So.2d 923 (1st La.App., 1958).
With these considerations in mind we look to the plaintiff's petition and find that in essence he alleges that application for the change in zoning was erroneously made to the Planning Commission instead of the Zoning Commission of the City of Bogalusa. The question then arises as to whether or not there is a distinction between the Planning Commission and the Zoning Commission as authorized by L.R.S. 33:101 et seq. and L.R.S. 33:4721 et seq. We are of the opinion that though these bodies are composed of the same personnel, they have different functions, possess different authority, and when acting as either the Planing Commission or the Zoning Commission they must hold separate meetings with separate minutes.[7]
Plaintiff's petition alleges specifically that at the public hearing conducted by the Planning Commission he opposed their action on the application. His objection was not adhered to. Plaintiff's petition further alleges that when the matter was acted on by the Commission Council of Bogalusa, he again urged that the wrong commission had considered the application for the change in zoning and therefore any followup action by the Council would be invalid as being contrary to L.R.S. 33:4726.[8] His objection again went unheeded.
In Mills v. City of Baton Rouge, 210 La. 830, 28 So.2d 447 (1947) the Supreme Court of Louisiana considered in detail L.R.S. 33:4726 and particularly the last paragraph thereof which states that "Where a municipal planning commission exists it shall be the zoning commission". In Mills the Commission Council of the City of Baton Rouge had acted upon a recommendation of the Zoning Commission after there was created a Planning Commission. These two independent bodies were composed of different personnel and continued in existence. In upholding the decision of the trial court which declared the ordinance null and void, the Supreme Court of Louisiana declared that when the Planning Commission was created it became the Zoning Commission and the latter ceased to exist. In explaining its reasons the court stated: (28 So.2d 447, 449, 450, 451)
"Act No. 240 of 1926 is patterned after a standard zoning enabling act prepared by the advisory committee on zoning of the Department of Commerce. 15 A.B.A. Jour. 536; 3 McQuillin, Municipal Corporations, 2d Ed.Rev., Section 1032, page 431; Legal Aspects of Local Planning and Zoning in Louisiana, 6 La.L.Rev. 495, 504. The Secretary of Commerce, Hoover, had this committee appointed to prepare a standard enabling act to meet the great demand for zoning legislation. This standard enabling act is a general *924 delegation of power to a city to regulate and control the use of property in zoning districts established by ordinance. By 1926, the year in which the Louisiana zoning statute was adopted, this standard act had been the basis of the enabling acts of 20 states. City of Bismarck v. Hughes et al., 53 N.D. 838, 208 N.W. 711.
The last sentence of the section of the standard enabling act which corresponds to Section 6 of the Louisiana act reads as follows: `Where a city plan commission already exists, it may be appointed as the Zoning Commission.' McQuillin, loc. cit. supra.
* * * * * *
It is true that Act No. 305 of 1926 does not contain any provision regulating and restricting the erection, construction, alteration, or use of buildings, structures, or land. However, each act contemplates the dividing of the municipality into districts and the adoption of a comprehensive plan with regard to roads, streets, transportation facilities, schools, parks, etc., on recommendations by the appropriate commission to the legislative body in regard thereto. It is therefore evident that the powers, duties, and functions of a zoning commission, created under the provisions of Act No. 240 of 1926, and those of a planning commission, created under the provisions of Act No. 305 of 1926, in many instances overlap. This convinces us that it was never the intention of the Legislature that a municipality should have both of these boards, with such overlapping powers and duties, functioning at one and the same time. Therefore, when the City Planning Commission of Baton Rouge came into existence by virtue of the ordinance creating it on October 17, 1941, the Zoning Commission theretofore created ceased to have any power and authority, and the City Planning Commission became the City Zoning Commission with all the powers, authority, and duties given to a zoning commission by the provisions of Act No. 240 of 1926.
* * * * * *
We do not think there is any doubt that, if a state adopts a statute following the language of the model zoning enabling act and a municipality passes an ordinance thereunder for the purpose of zoning, the municipality has the discretion of appointing the city planning commission as the zoning board, provided the planning commission is already in existence at such time as the municipality avails itself of the provisions of the act, or that in such case it is discretionary with the municipality either to appoint the city planning commission as the zoning commission or to appoint a zoning commission and thus have both commissions, which under our law would have overlapping duties and powers, functioning at the same time in the same municipality. We believe it was the object, purpose, and intention of the Louisiana Legislature to prevent this very thing, because it deleted the word `already' and substituted the words `shall be' for `may be appointed as', thereby prohibiting the exercise of this discretionary right by a municipality availing itself of the provisions of Act No. 240 of 1926, the state zoning enabling act." (Emphasis not ours)
Mills is silent as to whether or not the Zoning Commission and the Planning Commission, though composed of the same personnel, are required to hold separate meetings and keep separate minutes as required by L.R.S. 33:106.[9]
We have quoted from Mills at length because counsel for defendants contends that the decision itself is authority for the proposition that separate meetings and minutes are not required when the members of the "Planning and Zoning Commission" meet. This is not our appreciation of the significance of Mills or the application of L.R.S. 33:4726 providing that *925 "where a municipal planning commission exists it shall be the zoning commission" when considering L.R.S. 33:106 which requires that when these bodies act they "shall hold separate meetings with separate minutes and records".
To the contrary, it appears to us that these two bodies must be composed of the same personnel and that when they act, either as a planning body or a zoning body, their meetings must be conducted as one or the other and the minutes and records of each body shall be separate. For the purpose of deciding the exception, we conclude that the petition cites city ordinances and statutes of Louisiana which require the separate identities of a planning commission and a zoning commission. We also conclude that L.R.S. 33:4726 requires that the local legislative authority shall not act upon any request for a change in zoning until it has received the recommendation of the zoning commission. Clearly, according to plaintiff's petition, in the instant matter the recommendation acted upon by the legislative authority was that of the planning commission.
We now turn to the alternative position of defendants, namely that the Council of the City of Bogalusa possessed the authority under Section 24-8, Article VIII, to amend the zoning ordinances and regulations on its own motion.
We do not believe that L.R.S. 33:4725 grants this authority to the Commission Council of the City of Bogalusa. Section 4725 must be considered along with the provisions of Section 4726 and the latter clearly provides that the legislative body shall not hold its public hearings or take action until it has received the final report of the zoning commission.
Accordingly, for the above and foregoing reasons the judgment of the district court sustaining defendants' exception of no cause of action is reversed and set aside and this cause is remanded for proceedings on the merits. The costs of this appeal are to be borne by the defendants to the extent permitted by law. All other costs are to await a final determination on the merits.
Reversed and remanded.
NOTES
[1] L.R.S. 33:106. General powers and duties

A parish planning commission shall make and adopt a master plan for the physical development of the unincorporated territory of a parish.
A municipal planning commission shall make and adopt a master plan for the physical development of the municipality.
* * * * *
Where a municipal planning commission has been established under the authority of this Sub-part, it shall also serve as a municipal zoning commission, and when acting as such, it shall hold separate meetings with separate minutes and records. (Acts 1946, No. 300 § 6, No. 319 § 6) (Emphasis ours)
[2] L.R.S. 33:4726. Zoning commission; recommendations; public hearing

In order to avail itself of the powers conferred by R.S. 33:4721 through R.S. 33:4729 the legislative body of the municipality shall appoint a zoning commission whose function it shall be to recommend the boundaries of the various original districts as well as the restrictions and regulations to be enforced therein, and any supplements, changes or modifications thereof. Before making any recommendation to the legislative body of the municipality the zoning commission shall hold a public hearing. Notice of the time and place of the hearing shall be published at least three times in the official journal of the municipality, or if there be none, in a paper of general circulation therein, and at least ten days shall elapse between the first publication and date of the hearing. After the hearing has been held by the zoning commission it shall make a report of its findings and recommendations to the legislative body of the municipality. The legislative body shall not hold its public hearings or take action until it has received the final report of the zoning commission.
Where a municipal planning commission exists it shall be the zoning commission. (Acts 1926, No. 240 § 6, Acts 1948, No. 437 § 2) (Emphasis ours)
[3] Bogalusa Code, Sec. 2-6. Created.

There is hereby created a planning commission for the city with all the powers and duties as set forth in Title 33 of the Revised Statutes of 1950, consisting of nine (9) members, all of the full age and qualified electors of the city. (Ord. No. 420, 6-14-49; Ord. No. 736, § 1, 10-4-66.)
[4] Bogalusa Code, Sec. 2-10. Master plan for development of the muncipalities.

It shall be the function and duty of the commission to make and adopt a master plan for the physical development of the municipality. Such plan, with the accompanying map, plats, charts, and descriptive matter shall show the commission's recommendations for the development of the municipality, including among other things, the general location, character, and extent of railroads, highways, streets, viaducts, subways, bus, street car and other transportation routes, bridges, waterways, lakes, water fronts, boulevards, parkways, playgrounds, squares, parks, aviation fields, and other public ways, grounds, and open spaces; the general location of public buildings, schools, and other public property; the general character, districts and slum areas; the general location and extent of public utilities and terminals, whether publicly or privately owned or operated, for water, light, sanitation, communication, power, transportation and other purposes; and the removal, relocation, widening, narrowing, vacating, abandonment, change of use or extension of any of the foregoing ways, grounds, open spaces, buildings, property, utilities or terminals. As the work of making the whole master plan progresses, the commission may from time to time adopt and publish a part or parts thereof, any such part to cover one or more major sections or divisions of the municipality or one or more of the aforesaid or other functional matters to be included in the plan. The commission may from time to time amend, extend, or add to the plan. (Ord. No. 420, 6-14-49.)
[5] Bogalusa Code, Sec. 2-17. To serve as zoning commission.

The planning commission established under the authority of this chapter shall also serve as a municipal zoning commission and when acting as such, it shall hold separate meetings with separate minutes and records. (Ord. No. 420, 6-14-49.) (Emphasis ours.)
[6] Bogalusa Code, Article VIII, Sec. 24-15. Procedure

The mayor and commission counsel, may, from time to time, on its own motion or on petition, after public notice and hearing, amend the zoning districts and the regulations established therefor in accordance with the provisions of R.S. 33:4725. Every proposed amendment, however, shall be first referred to the planning commission for report, and any amendment that has failed to receive the approval of the planning commission shall not be passed by the mayor and commission counsel except by the affirmative vote of three-fifths of the entire legislative body of the municipality. (Ord. No. 529, § 1, 5-1-56.)
[7] See Notes 2 and 1, supra.
[8] See Note 2, supra.
[9] See Note 1, supra.